76

Doelker, Appellee, v. State of Ohio, Accountancy Board of Ohio, Appellant.

[Cite as Doelker v. Accountancy Bd., 12 Ohio St. 2d 76.]

(No. 40698—Decided December 13, 1967.)

78

*Messrs. Topper & Alloway* and *Mr. R. Brooke Alloway*, for appellee.

*Mr. William B. Saxbe*, attorney general, *Miss Winifred A. Dunton* and *Mr. Edward F. Pelteson*, for appellant.

TAFT, C. J.   Section 4701.16 (F) specifies, as a basis for the action taken by the accountancy board in the instant case, "conviction of any crime, an element of which is dishonesty or fraud." In our opinion, this statutory language would only include a crime where "dishonesty or fraud" is an essential element of the crime, *i. e.*, an element which would have to be proved in order to support a conviction.

The words of Section 7203, Title 26, U. S. Code, do not indicate that "dishonesty or fraud" is an essential element of the crime of willfully failing to make a return, which is the only crime charged against Mrs. Doelker and the only crime

for which she was convicted. Under the words of the statute, she could have been convicted of that crime even though she would have had no income tax liability if she had filed a return. We may take judicial notice of the fact that, to use the language of Section 7203, Title 26, U. S. Code, one "required * * * to make a return" (*i. e.*, one having more than $600 gross income) may have no tax liability at all. It is obvious, therefore, that there is no element of "dishonesty or fraud" necessarily involved in the crime for which Mrs. Doelker was convicted unless something is read into the statute which is not there. *Spies* v. *United States* (1943), 317 U. S. 492, 87 L. Ed. 418; *Lumetta* v. *United States* (1966), 362 F. 2d 644. But, see *United States* v. *Murdock* (1933), 290 U. S. 389, 78 L. Ed. 380; *United States* v. *Vitiello* (1966), 363 F. 2d 240.

Therefore, we conclude that a conviction under Section 7203, Title 26, U. S. Code, for willfully failing to make an income tax return, where such return is required by law, does not represent, within the meaning of Section 4701.16 (F), Revised Code, conviction of a "crime, an element of which is dishonesty or fraud." *State, ex rel. Atkins,* v. *Missouri State Board of Accountancy* (Mo. App. 1961), 351 S. W. 2d 483. But, see contra *Murrill* v. *State Board of Accountancy* (1950), 97 Cal. App. 2d 709, 218 P. 2d 569 (distinguishable from the instant case, however, since the willful failure was not to file but to supply information and not on his own return but rather on returns made by defendant on behalf of certain of his clients).

The only other basis suggested for the board's decision is Section 4701.16 (D), Revised Code, providing as a ground for revocation of the license of a certified public accountant the "violation of a rule of professional conduct promulgated by the board." The only suggestion of any such violation is a claimed violation of Rule 2 providing that "a certified public accountant * * * shall not commit an act discreditable to the profession."

Although Mrs. Doelker may have done something that would represent commission of "an act discreditable to the profession," the record fails to disclose this. The only evidence offered against her in the record is a certified copy of her conviction under Section 7203, Title 26, U. S. Code, for willfully

failing to file a federal income tax return that she should have filed in the year 1955. There is nothing in the record to indicate that her conduct was reprehensible because of repeated failures to file such returns when they should have been filed, as in *Cleveland Bar Association* v. *Bilinski* (1964), 177 Ohio St. 43, 201 N. E. 2d 878; *Dayton Bar Association* v. *Prear* (1964), 175 Ohio St. 543, 196 N. E. 2d 773; and *State* v. *Brunge* (1963), 20 Wis. 2d 493, 122 N. W. 2d 369, or because of any effort to conceal her liability for payment of income taxes as in *Rheb* v. *Bar Association of Baltimore City* (1946), 186 Md. 200, 204, 46 A. 2d 289. Although the record does indicate that Mrs. Doelker acquiesced in "all members of the board" having "seen the various briefs that were filed in the [federal] Court of Appeals" and that she apparently agreed that "they set forth the facts quite clearly," there are no copies of those briefs in the record that was certified by the board to the Common Pleas Court.

The opinion of the federal Court of Appeals is reported in *United States* v. *Doelker*, 327 F. 2d 343. It indicates that evidence was probably presented at Mrs. Doelker's trial which, if it had been presented in this proceeding, might have supported disciplinary action against her by the accountancy board.

However, Section 119.12, Revised Code, authorizes a Common Pleas Court, on an appeal from an order of an agency revoking a license, to affirm that order of the agency only "if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." This means that such evidence must not only exist but must be in the record in order to support an affirmance. *Arcaro Bros. Builders, Inc.,* v. *Zoning Board of Appeals* (1966), 7 Ohio St. 2d 32, 33, 218 N. E. 2d 179.

We must, therefore, agree with the conclusion of the Court of Appeals. Because of this, it is not necessary for us to consider whether the accountancy board had any right to appeal from the judgment of the Court of Appeals.

*Judgment affirmed.*

HERBERT, SCHNEIDER and BROWN, JJ., concur.
ZIMMERMAN, MATTHIAS and O'NEILL, JJ., dissent.