CAPELLO ET AL., APPELLANTS, *v.* CITY OF MAYFIELD HEIGHTS ET AL., APPELLEES.

(No. 70-493—Decided June 30, 1971.)

4

*Messrs. Metzenbaum, Gaines, Finley & Stern, Mr. Donald M. Robiner* and *Mr. Marshall J. Wolf,* for appellants.

*Mr. Albert M. Heavilin,* director of law, for appellees.

O'NEILL, C. J.  The determinative question in this cause is whether the trial court erred in basing its decision solely on the transcript of the proceedings before the Board of Zoning Appeals.

In basing its holding on the transcript, the trial court

concluded that the board's decision was "supported by reliable and probative evidence." It is, therefore, necessary to determine if the transcript contains such evidence.

Appellees state that the transcript "does contain a complete record of all the evidence and testimony submitted by appellants" to the board. Appellees admit, however, that the testimony of appellants' witness, Vince Capello, Jr., was not made under oath.

In *Arcaro Bros. Builders, Inc.,* v. *Zoning Board of Appeals* (1966), 7 Ohio St. 2d 32, also a zoning case, the chairman of a zoning board of appeals refused, at a hearing, to permit witnesses to be sworn. The decision of the zoning board there was appealed to the Court of Common Pleas which, without taking additional evidence, affirmed the decision of the board. In the appeal to this court, it was held that, since R. C. 2317.30 requires a witness to be sworn before testifying, the record contained *no* evidence and, therefore, the decision of the board "was not supported 'by the preponderance of substantial, reliable and probative evidence * * *.' "

That holding is applicable here, inasmuch as there was no sworn testimony taken at the hearing before the board. In fact, no evidence was offered by appellees in opposition to appellants' application at the hearing.

Appellees argue, nonetheless, that by not requesting that the witness be sworn at the hearing, appellants waived that right and that the burden of presenting evidence at the hearing was upon appellants.

It is apparent that for a court to find that an administrative order is supported by reliable and probative evidence " * * * such evidence must not only exist but must be in the record in order to support an affirmance." *Doelker* v. *Accountancy Bd.* (1967), 12 Ohio St. 2d 76.

Even though appellants could have requested that the witness be sworn and did have the burden of presenting evidence in support of the application, such facts do not alter the requirement expressed in *Doelker, supra,* that there must be evidence in the report to support an affirmance on the basis that an administrative order is sup-

ported by reliable and probative evidence. In the absence of such evidence of record in a transcript, irrespective of the reason for such absence, a court can not affirm an administrative ruling upon the basis that it is so supported.

The transcript here does not contain reliable and probative evidence to support the decision of the board. Therefore, the trial court erred in affirming that decision upon the basis of the transcript.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.

SCHNEIDER, J., concurring. I would instruct the Court of Common Pleas to decide the appeal on the basis of the transcript and the additional evidence which it permitted to be introduced.

The additional evidence was proper because the administrative board failed to cause the witness before it to be sworn. R. C. 2506.01 *et seq.* recognizes that the position of parties to an administrative hearing is markedly dissimilar to their position before a court.

Most administrative agencies are staffed by laymen to the law, who do not possess sufficient appreciation, as does a judge, of the duty to honor objections and exceptions and to permit a full record to be made for the purpose of appeal. Even to request a procedural right before an agency often engenders hostility. Thus, the statute authorizes additional evidence upon appeal if any one of the nine specific criteria is not met by the agency.