PERTUSET *v.* BOARD OF EDUCATION OF NORTHWEST LOCAL SCHOOL DISTRICT.

(No. 54115—Decided November 1, 1972.)

Common Pleas Court of Scioto County.

*Mr. Jack D. Young* and *Mr. Timothy J. Ucker,* for appellant.

*Mr. Everett Burton,* prosecuting attorney, for appellee.

MARSHALL, J. Appellant is a nonteaching employee of the Northwest Local School District, employed under a contract as a school bus driver pursuant to the provisions of R. C. 3319.081. On May 25, 1971, the board adopted a resoultion terminating appellant's contract effective May 26, 1971. The following notice was thereafter sent to him: "May 25, 1971. This is to notify you that the board of education of Northwest Local School District has, by resolution, terminated your contract with the Northwest Local School District, as school bus driver, effective May 26, 1971 and that notice of this action be communicated to you by registered mail in accordance with R. C. 3319.081." The referred to section of the code provides, in part:

"The contracts provided for in this section may be terminated by a majority vote of the board of education. Such contracts may be terminated only for violation of written rules and regulations as set forth by the board of education or for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other acts of misfeasance, malfeasance, or nonfeasance . . . The action of the board of education terminating the contract of an employee or suspending or demoting him shall be served upon the employee by registered mail. Within 10 days following the receipt of such notice by the employee, the employee may file an appeal, in writing, with the Court of Common Pleas of the county in which such school board is situated. After hearing the appeal the Common Pleas Court may affirm, disaffirm, or modify the action of the school board."

On June 5, 1971, appellant filed his "notice of appeal"

herein. On October 24, 1972, he filed a motion for judgment, contending that the action of the board terminating his contract is void for the following reasons:

"1. The notice of termination dated May 25, 1971, provided to appellant does not comply with the requirements of the provisions of R. C. 3319.081, in that there are no statutory grounds for dismissal set forth in said notice; and

"2. Appellant has not been afforded due process of law by respondent, board of education, prior to the termination of his employment."

We find that the board did comply with the express provisions of R. C. 3319.081, and that the first contention of appellant is without merit.

The contention that he was not afforded procedural due process, however, is apparently valid, in the light of recent decisions by the Supreme Court of the United States. Appellant was given no prior notice of the fact that the board was going to consider termination of his contract. In the case of *Goldberg* v. *Kelly*, 397 U. S. 254, 29 L. Ed. 2d 287, the court held that "A state that terminates public assistance payments to a particular recipient without affording him the opportunity for an evidentiary hearing prior to termination denies the recipient procedural due process in violation of the due process clause of the Fourteenth Amendment." In the case of *Perry* v. *Sindermann*, 38 L. Ed. 2d 570, decided June 29, 1972, the Supreme Court held that where a teacher has tenure, before a dismissal can be effected, the officials are required "under procedural due process to grant a hearing at the teacher's request, where he can be informed of the grounds for his nonretention and can challenge their sufficiency." Following this same trend, the U. S. District Court for the Northern District of Ohio, Western Division, in the case of *Palmer* v. *Columbia Gas Co.*, decided May 2, 1972, 61 O. O. 2d 31, held that "A customer has been denied the right of due process of law and an injunction will issue against a public utility where termination of service to the customer is made arbitrarily, without proper notice and without giving the cus-

tomer an opportunity to question or dispute the termination.''

It would appear, therefore, that the procedure followed by the board violated appellant's constitutionally guaranteed rights under the due process clause of the Constitution of the United States. This conclusion is not to be deemed as a criticism of the action of the board, which adhered to the procedure set forth by the appropriate statute. It is simply an anomaly that the legislature did not provide in the case of non-teaching employees for prior notice, right to a full hearing with representation by legal counsel, and a record of the proceedings upon which an appeal could be based, while providing such rights for teaching personnel (R. C. 3319.16) and civil service personnel (R. C. 143.27).

From the foregoing we must conclude that procedural due process mandates prior notice of the specific charges against the employee and an opportunity for an evidentiary hearing before the board, if requested. Since the statute contemplates an appeal to the Court of Common Pleas, provision should be made for a stenographic record of the proceedings, as set forth in R. C. 3319.16, governing termination of a teacher's contract.

We have examined a transcript of proceedings in the Court of Common Pleas of Trumbull County, Ohio, before Judge David F. McLain in Case No. 72 CI-159 *In the Matter of the Appeal of Lois Revis,* which involved issues similar to those in this case. Judge McLain's conclusions coincide with ours with respect to the requirements of prior notice and opportunity for a hearing.

It is, therefore, ordered that this matter be remanded to the board of education for further proceedings in conformity with this finding.

An entry may be prepared accordingly, saving exceptions.

*Judgment for plaintiff.*