PACK, APPELLANT, *v.* WEST CLERMONT LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

RUTHERFORD, APPELLANT, *v.* WEST CLERMONT LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

(Nos. 83-CV-0706 and -0707 — Decided March 5, 1985.)

Court of Common Pleas of Clermont County.

*Robert G. Byrom,* for Douglas H. Pack and Timothy L. Rutherford.

*J. Michael Fischer,* for West Clermont Local Bd. of Edn.

WATSON, J. On October 6, 1983, appellants, Timothy L. Rutherford and Douglas H. Pack, filed their notices of appeal from the decision of appellee, West Clermont Local School District Board of Education, to suspend appellants' employment for three days without pay. The appeals have been consolidated.

The parties have filed briefs on the appeal in addition to stipulations of fact. No other materials have been submitted.

The stipulations indicate that appellants were notified in writing of the date, time and place of the board meeting at which the recommendation for suspension would be made. Appellants were afforded an opportunity to explain their actions on the night of August 10, 1983, and state why they should not be suspended for their actions. None of the witnesses who presented information to the board was under oath, and no cross-examination of witnesses was permitted by the board of education. No transcript was made of the hearing. Counsel for appellants ob-

jected timely to each of these deficiencies.

Thereafter the board voted to suspend appellants without pay for three days as a consequence of their failure to report to the proper authorities in a timely fashion the theft of a bicycle on August 10, 1983. Appellants were notified of the decision via certified letter from the assistant superintendent.

The stipulation pertaining to the theft shows that the appellants on the evening of August 10, 1983, were on duty at Glen Este High School. Mr. Cook, a fellow janitor of appellants, asked if either of them wanted to purchase a bicycle. Later, Mr. Gossett found his bicycle missing from underneath a window where he had parked it. The appellants and Gossett then searched for the bicycle. Appellants thereafter observed Mr. Jent, another custodian, giving money to Cook. Later, at approximately 11:30 p.m., appellants saw Jent and Cook at Jent's car and the trunk being closed. The next morning at 8:30 Pack reported the incident to the principal and his speculation that Cook took the bike and sold it to Jent. The facts reveal that appellants did not see the theft actually occur, but rather only surmised that Cook was responsible for the theft.

The court, being fully advised in the premises and having thoroughly reviewed pertinent case law and the parties' briefs, finds as follows:

R.C. 3319.081(C) provides in pertinent part that:

"The contracts as provided for in this section [non-teaching employees] may be terminated by a majority vote of the board of education. Such contracts may be terminated only for violation of written rules and regulations as set forth by the board of education or for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other acts of misfeasance, malfeasance, or non-feasance. In addition to the right of the board of education to terminate the contract of an employee, the board may suspend an employee for a definite period of time or demote the employee for the reasons set forth in this division. * * *'"

The United States Supreme Court in *Board of Regents* v. *Roth* (1972), 408 U.S. 564, 577, found that if state law gives an employee a right to continued employment absent good cause for termination or for other interruption, due process must be afforded before he can be deprived of his interest. Ohio case law is in accord. *Jackson* v. *Kurtz* (1979), 65 Ohio App. 2d 152, 157-159 [19 O.O.3d 105] (job of a public employee is a property right). Accord *Arnett* v. *Kennedy* (1974), 416 U.S. 134. R.C. 3319.081(C) must be interpreted so as to require that at least minimum due process be afforded one who is under consideration for suspension by a board of education. The question then is what due process rights must be afforded the employee. Ohio case law has determined that minimum due process requires that the employee be given notice of the hearing, a specification of charges, an opportunity to be heard, and the right to offer evidence and to cross-examine adverse witnesses. *Zurow* v. *Cleveland* (1978), 61 Ohio App. 2d 14 [15 O.O.3d 21]. See, also, *Pertuset* v. *Bd. of Edn.* (1972), 33 Ohio Misc. 161 [62 O.O.2d 290]. Further, Ohio case law has determined that when a party is not afforded due process at a hearing, the hearing is null and void, and the order of the administrative body is void *ab initio*. See *Jones* v. *Board of Edn.* (Sept. 17, 1981), Ashtabula C.P. No. 73424, unreported. *In re Sergent* (1976), 49 Ohio Misc. 36 [3 O.O.3d 308]. Additionally, if there are no sworn witnesses, there can be no record or transcript of an administrative body's hearing to justify an affirmance by a court of common pleas on appeal. *Capello* v. *Mayfield Heights* (1971), 27 Ohio St. 2d 1 [56 O.O.2d 1]; *Arcaro Bros. Builders, Inc.* v. *Zoning Bd. of Appeals*

(1966), 7 Ohio St. 2d 32 [36 O.O.2d 18]; see, also, *Kenney* v. *Bd. of Edn.* (March 23, 1983), Mahoning App. No. 82-CA-35, unreported.

The only information presented to the court, via the stipulations, indicated that no witnesses were sworn, no cross-examination allowed and no transcript was prepared. It is clear, therefore, that this court cannot affirm the decision of the board of education as there can be no "evidence" from below due to the absence of sworn witnesses upon which this court can base such a decision under R.C. 2506.03. Further, because the hearing failed to afford appellants due process, the action of suspension by the board is null and void *ab initio.*

Under R.C. 3319.081, this court has the power to affirm, disaffirm, or modify the action of the school board. The court finds that under the facts submitted that the board was not justified in finding neglect of duty, nonfeasance, insubordination or any other reason under R.C. 3319.081(C) for suspending appellants' employment, as the stipulations indicated clearly that appellants reported the suspected theft the very next morning to an appropriate supervisory person — the principal. Whereas the board cited the reason of appellants' failure to report to the proper authorities the theft of the bicycle at the school on August 10, 1983, there is no evidence indicating that the high school principal was not such a proper authority or that the reporting of the incident at the beginning of the next work day was untimely and in breach of some school regulation regarding the reporting of thefts. Quite simply, there is no evidence leading the court to the conclusion that the board did not abuse its discretion in suspending appellants. Certainly, appellants did not actually witness any theft, but only speculated about the occurrence; the reporting of a theft in such circumstances may even have subjected the appellants to a slander action had the theft not actually occurred. The court would further note that nowhere is there any evidence of an actual conviction or other action against the guilty party, Cook, which would indicate that a theft actually occurred for which appellants in the course of their responsibilities may have had the duty to report; additionally, there is no evidence of any school policy covering the reporting of thefts which would show an actual wrong on the part of appellants.

Accordingly, the action of the board is null and void for lack of due process at the hearing and disaffirmed for an abuse of discretion in suspending appellants. Judgment is rendered for appellants.

*Judgment for appellants.*