HAYES, Appellant,

v.

**STATE MEDICAL BOARD OF OHIO, Appellee.**

[Cite as *Hayes v. State Med. Bd. of Ohio* (2000), 138 Ohio App.3d 762.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–1239.

Decided Sept. 21, 2000.

*Frank R. Recker & Associates Co., L.P.A., Frank R. Recker* and *Nancy A. Schell,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Anne Berry Strait,* Assistant Attorney General, for appellee.

PETREE, Judge.

Appellant, Mark W. Hayes, D.P.M., appeals the judgment of the Franklin County Court of Common Pleas affirming the order of appellee, State Medical Board of Ohio ("board"), which permanently revoked appellant's certificate to practice podiatry in the state of Ohio.

Appellant asserts the following assignments of error:

"[1]. The trial court erred to the prejudice of Dr. Hayes by finding that the board's order is supported by reliable, probative and substantial evidence.

"[2]. The trial court erred to the prejudice of Dr. Hayes by finding the board's order was in accordance with law.

"[3]. The trial court erred to the prejudice of Dr. Hayes by finding that the doctrine of collateral estoppel applies to these proceedings."

In July 1993, appellant, a podiatrist, applied to the Supreme Court of Ohio to register as a candidate for admission to the Ohio bar.

In October 1993, the Joint Committee on Bar Admissions of the Cleveland/Cuyahoga Bar Association ("Joint Committee") interviewed appellant in conjunction with his application. In March 1994, the Joint Committee recommended to the Ohio Supreme Court that appellant not be admitted to practice law in Ohio. Appellant appealed the Joint Committee's recommendation to the Appeals Sub-

committee ("Subcommittee"), which affirmed the Joint Committee's recommendation.

Appellant appealed the Subcommittee's recommendation to the Ohio Supreme Court's Board of Commissioners on Character and Fitness ("Board of Commissioners"). The Board of Commissioners appointed a three-person panel to hear the appeal. The panel conducted hearings in September 1994 and November 1995. Appellant testified under oath before the panel.

In January 1997, the panel recommended to the Board of Commissioners that appellant never be admitted to the practice of law in Ohio. In so doing, the panel rendered the following findings of fact:

"Based upon the evidence placed before it, including the documents and testimony, and after observing the demeanor of the Applicant and the other witnesses, it is this Panel's conclusion that Dr. Hayes: 1) is not truthful, 2) that he has repeatedly lied under oath, 3) that he lied to each group reviewing him including this Panel, the Appeals Subcommittee and the interviewers of the Joint Admissions Committee of the Cleveland/Cuyahoga County Bar Association, as well as in each deposition or transcript introduced into evidence at the Panel hearing, [and] 4) that he purposefully omitted relevant information from his Bar Application. * * *"

In February 1997, the Board of Commissioners adopted the panel's report, including its findings of fact, and recommended to the Ohio Supreme Court that appellant never be admitted to practice law in Ohio.

On February 18, 1998, the Ohio Supreme Court unanimously held:

"We have thoroughly reviewed the record. The *findings of fact*, conclusions, and recommendation of the board have ample support, and *we hereby adopt them*. Applicant is unfit to practice law, and his application to register as a candidate for admission to the bar of Ohio is disapproved. Applicant is never to be admitted to the practice of law in Ohio." (Emphasis added). *In re Application of Hayes* (1998), 81 Ohio St.3d 88, 89, 689 N.E.2d 547, 548.

By letter dated June 10, 1998, the board notified appellant that it intended to determine whether or not to limit, revoke, suspend, refuse to register or reinstate his certificate to practice podiatry, or to reprimand or place him on probation, based upon the February 18, 1998 order of the Supreme Court of Ohio. Based upon the specific factual findings made by the Board of Commissioners and adopted by the Ohio Supreme Court, the board alleged that appellant's acts, conduct, and/or omissions constituted (1) "publishing a false, fraudulent, deceptive, or misleading statement," as prohibited by R.C. 4731.22(B)(5); (2) "commission of an act that constitutes a felony in this state regardless of the jurisdiction in which the act was committed * * * to wit: Section 2921.11, Ohio Revised

Code, Perjury," as prohibited by R.C. 4731.22(B)(10); and (3) "commission of an act that constitutes a misdemeanor in this state regardless of the jurisdiction in which the act was committed, if the act involves moral turpitude * * * to wit: Section 2921.13, Ohio Revised Code, Falsification," as prohibited by R.C. 4731.22(B)(14).[1]

The charges were litigated before a board hearing examiner, who issued a report including comprehensive findings of fact and conclusions of law, following which he recommended suspension of appellant's license for at least ninety days, followed by a probationary period of at least five years. Appellant filed objections to the report and recommendation, and the matter was considered by the board at its February 10, 1999 meeting. After deliberating the case, the board adopted the hearing examiner's findings of fact and conclusions of law but modified the recommended sanction and ordered permanent revocation of appellant's podiatry license.

Upon appeal to the Franklin County Court of Common Pleas, the court found that the board's order was supported by reliable, probative and substantial evidence and was in accordance with law. Accordingly, the court affirmed the board's order.

A common pleas court is bound to uphold an order of the State Medical Board if that order is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12; *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750–751.

Upon an appeal from the judgment of the common pleas court, the role of the court of appeals is more limited than that of the trial court. An appellate court's role is to determine if the trial court abused its discretion in its review of the evidence. *Pons, supra,* at 621, 614 N.E.2d at 750–751. An abuse of discretion implies "not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." *Id.* Absent an abuse of discretion, a court of appeals may not substitute its judgment for that of the board or the trial court. *Id.* Rather, the court of appeals must affirm the judgment of the trial court. *Id.* Moreover, "[w]hen reviewing a medical board's order, courts must accord due deference to the board's interpretation of the technical and ethical requirements of its profession." *Id.* at syllabus.

By the first assignment of error, appellant contends that the common pleas court abused its discretion in finding that the board's order was supported

---

1. We will examine the version of R.C. 4731.22(B) in effect as of June 10, 1998, the date the board notified appellant of the disciplinary proceedings against him. We note that the statute was amended effective March 9, 1999.

by reliable, probative and substantial evidence. Appellant first argues that the board's order was not supported by any evidence in the record, as the only evidence presented by the state consisted of certified documents from the Ohio Supreme Court proceedings.

The state submitted certified copies of materials contained in the records of the Ohio Supreme Court, including appellant's bar application and related materials, which evidenced appellant's original responses to the court's character questionnaires. The state also submitted the report of the Joint Committee, which recommended that appellant's application be denied because, among other things, appellant did not provide complete and accurate information regarding his past conduct on either the bar application or in his presentations before the Joint Committee. The state further submitted a certified copy of the findings of fact and recommendation of the Board of Commissioners, in which it was found that appellant had admitted to the Board of Commissioners' hearing panel that he had given evasive answers under oath because he felt he had no obligation to answer truthfully. The Board of Commissioners also found that appellant had repeatedly lied under questioning by the hearing panel regarding his properties, debts, employees, and podiatry practice.

Appellant contends that the evidence relied upon by the board, *i.e.*, the Board of Commissioners' report and the Ohio Supreme Court's order adopting that report, did not constitute reliable, probative, and substantial evidence upon which the board could rely in revoking his podiatry license. Appellant argues that the board was required to introduce something more than the documentary evidence submitted, *e.g.*, testimonial evidence, in support of its allegations against him. In support of this argument, appellant relies on *Doelker v. Accountancy Bd. of Ohio* (1967), 12 Ohio St.2d 76, 41 O.O.2d 328, 232 N.E.2d 407.

Upon review of *Doelker*, we find that appellant's reliance thereon is misplaced. First, *Doelker* interpreted specific provisions of R.C. Chapter 4701, which apply solely to the practice of accountancy. Further, contrary to appellant's assertion, *Doelker* does not stand for the proposition that a certified order or conviction alone can never constitute reliable, probative, and substantial evidence sufficient to support a disciplinary action taken by a professional licensing board. In *Doelker*, the respondent, a certified public accountant ("CPA"), was convicted of one count of willfully failing to file an income tax return. Based upon this conviction, the accountancy board notified respondent that it proposed to take disciplinary action against respondent's certificate to practice as a CPA. The accountancy board charged respondent with a violation of R.C. 4701.16(F) on the basis that she had been convicted of a crime, an element of which was dishonesty or fraud. The court held that because neither dishonesty nor fraud was a required element of the crime of willful failure to file an income tax return, the

conviction alone could not support disciplinary action against respondent's accountancy license. In addition, the court found that the mere fact of the conviction for failing to file an income tax return did not constitute sufficient evidence to find that respondent had committed an act discreditable to the profession under R.C. 4701.16(D).

Thus, the accountancy board's case failed because it had not set forth evidence that proved the necessary elements under R.C. 4701.16(D) and (F). The fact that the accountancy board had entered certified conviction records into evidence was not fatal; rather, the court found that the charges brought by the accountancy board required additional evidence that had not been introduced. The court did not hold that in the appropriate case the mere entry of the conviction records would not have been enough to prove the state's case. Rather, the case was determined on narrow factual grounds that do not apply in the instant case.

Appellant's reliance on *Capello v. Mayfield Hts.* (1971), 27 Ohio St.2d 1, 56 O.O.2d 1, 271 N.E.2d 831, and *Arcaro Bros. Builders, Inc. v. N. College Hill Zoning Bd. of Appeals* (1966), 7 Ohio St.2d 32, 36 O.O.2d 18, 218 N.E.2d 179, is equally misplaced. In those cases, the Ohio Supreme Court held that unsworn witness testimony offered in an administrative hearing did not constitute evidence upon which an administrative decision could be based. Neither decision held that documentary evidence alone could never constitute sufficient evidence without additional sworn testimony. Rather, *Capello* and *Arcaro* held only that if testimony is offered, it must be sworn. Since the unsworn testimony was the only evidence of record, the cases failed on evidentiary grounds.

Appellant further argues that since the documents relied upon by the board consisted mainly of summaries and conclusions which were based in large part on hearsay, they were inherently unreliable. However, as appellant admits, the hearsay rule is relaxed in administrative proceedings. *Haley v. Ohio State Dental Bd.* (1982), 7 Ohio App.3d 1, 6, 7 OBR 1, 6–7, 453 N.E.2d 1262, 1268–1269. Similarly, under the medical board's hearing rules, the Ohio Rules of Evidence may be taken into consideration by the hearing examiner in determining the admissibility of evidence but are not controlling. Ohio Adm.Code 4731–13–25(A).

As noted by the hearing examiner, the Ohio Supreme Court is the ultimate authority of law in the state of Ohio. Accordingly, we find that the board was entitled to rely solely on the findings of that court in determining whether appellant violated the provisions of R.C. Chapter 4731.

Appellant next argues that the board did not meet its burden of providing reliable, probative, and substantial evidence sufficient to substantiate the particular charges levied against him. Specifically, appellant contends that the board's evidence was insufficient to support its findings that appellant published a "false,

fraudulent, deceptive, or misleading statement," in violation of R.C. 4731.22(B)(5), or that he committed acts constituting the felony of perjury, in violation of R.C. 4731.22(B)(10), or the misdemeanor of falsification, in violation of R.C. 4731.22(B)(14), because the board had no evidence that he intended to make such false statements or that he knowingly committed the criminal acts in question. We disagree.

With regard to R.C. 4731.22(B)(5), we note that the statute defines a "false, fraudulent, deceptive, or misleading statement" as one that "includes a misrepresentation of fact, is likely to mislead or deceive because of a failure to disclose material facts * * * or includes representations or implications that in reasonable probability will cause an ordinarily prudent person to misunderstand or be deceived." During the Board of Commissioners' hearing, appellant admitted that during civil depositions, he had given false and evasive answers. The Board of Commissioners found that appellant had made false, deceptive, and misleading statements while under oath at the panel hearing, and that he had repeatedly lied under oath. These findings by the Board of Commissioners constitute more than sufficient reliable, probative, and substantial evidence to support the board's decision that appellant violated R.C. 4731.22(B)(5).

Citing *Rajan v. State Med. Bd. of Ohio* (1997), 118 Ohio App.3d 187, 193–195, 692 N.E.2d 238, 242–244, appellant argues that the board's case with regard to R.C. 4731.22(B)(5) must fail because no evidence was presented of any intent to deceive. In *Rajan*, this court held that the State Medical Board is required to demonstrate that a physician has an intent to deceive before they may discipline him under R.C. 4731.22(B)(5). However, the intent required by *Rajan* may be inferred from the surrounding circumstances, *e.g.*, as when a licensee clearly knows something, which he failed to disclose in response to a direct question. *Krain v. State Med. Bd.* (Oct. 29, 1998), Franklin App. No. 97APE08–981, unreported, 1998 WL 767304. Upon review of the record, we find that there was sufficient evidence in the record upon which the board could find that appellant engaged in a pattern of intentional misrepresentation before both the Joint Committee and the Board of Commissioners. Accordingly, we find no abuse of discretion in the common pleas court's determination that the board's conclusion that appellant violated R.C. 4731.22(B)(5) was supported by reliable, probative and substantial evidence.

Similarly, the common pleas court did not abuse its discretion in finding that the board had more than sufficient evidence to support the finding that appellant violated R.C. 4731.22(B)(10) and (14), which, respectively, permit the board to discipline a licensee for committing an act that constitutes a felony in this state, *i.e.*, perjury under R.C. 2921.11, and for committing an act that

constitutes a misdemeanor involving moral turpitude, *i.e.*, falsification under R.C. 2921.13. Under R.C. 2921.11, a person commits perjury if he knowingly makes a false statement under oath of a material fact in an official proceeding. Under R.C. 2921.13, a person commits falsification if he knowingly makes a false statement in an official proceeding. Falsification is a misdemeanor involving moral turpitude. See, *e.g.*, *Disciplinary Counsel v. Dodge* (1990), 52 Ohio St.3d 132, 556 N.E.2d 1147; *Disciplinary Counsel v. Smakula* (1988), 39 Ohio St.3d 143, 529 N.E.2d 1376.

Appellant contends that the board did not present any evidence of intent with regard to its allegations that appellant's actions constituted the crimes of perjury and falsification.

 As the state notes in its brief, the premise that the intent necessary for conviction under criminal statutes may be inferred from the surrounding facts and circumstances is well grounded in criminal law. *State v. Teamer* (1998), 82 Ohio St.3d 490, 492, 696 N.E.2d 1049, 1051–1052. " 'It is a fundamental principle that a person is presumed to intend the natural, reasonable and probable consequences of his voluntary acts.' " *State v. Lott* (1990), 51 Ohio St.3d 160, 168, 555 N.E.2d 293, 302, quoting *State v. Johnson* (1978), 56 Ohio St.2d 35, 39, 10 O.O.3d 78, 80–81, 381 N.E.2d 637, 640. Upon review of the record in the instant case, the evidence establishes that appellant clearly intended the natural, reasonable and probable consequences of his voluntary acts in making false statements under oath. As noted previously, appellant admitted upon interrogation by Board of Commissioners' panel members that he gave evasive answers during deposition testimony because he believed he was under no obligation to provide truthful testimony.

The evidence before the board establishes that, while under oath, appellant knowingly provided the Board of Commissioners' hearing panel with false, evasive, and conflicting testimony concerning his podiatry clinics and credit status, issues clearly material to the determination of whether to approve his bar application. Thus, the board's findings that appellant committed acts constituting the felony of perjury and the misdemeanor of falsification were supported by reliable, probative, and substantial evidence.

 Appellant's argument that he could not be charged with violations of R.C. 4731.22(B)(10) or (14) because he was never charged with either perjury or falsification fails to recognize the statutory authority given the board under R.C. 4731.22(B) to discipline a physician for committing acts *constituting* a felony or misdemeanor. While the board has the authority to take action against a licensee based upon an actual conviction, see R.C. 4731.22(B)(9), (11), and (13), the board is not required to wait for a criminal prosecution before it acts. As noted by the

common pleas court, the board is not required to prove that appellant committed the crimes of perjury and falsification beyond a reasonable doubt. The board's action was against his podiatry license, which requires reliable, probative, and substantial evidence under R.C. Chapter 119.

In its decision, the Supreme Court of Ohio specifically found that appellant lied under oath, lied to each group involved in the bar application proceedings, and purposefully omitted relevant information in an official proceeding. Further, the hearing record contains sufficient evidence that appellant intended to make the false statements and provide false information. After reviewing the record, this court finds that the common pleas court did not abuse its discretion in finding that there was reliable, probative, and substantial evidence before the board to support the determination that appellant violated R.C. 4731.22(B)(10) and (14). Appellant's first assignment of error is not well taken.

By the second assignment of error, appellant contends that the common pleas court erred in finding that the board's order was in accordance with law. Specifically, appellant contends that the board denied his substantive due process rights by relying solely on the findings of the Ohio Supreme Court and Board of Commissioners to deprive him of his constitutionally protected property interest in his podiatry license. Appellant contends that because he had the burden of proof in the bar application proceedings, any findings made in those proceedings cannot constitute reliable, probative, and substantial evidence in the board's action against him.

In our view, the fact that appellant had the burden of proof in the proceedings before the Ohio Supreme Court actually supports the use of those findings by the board in the disciplinary action against him. Appellant was well aware that the veracity of statements he made in prior court proceedings, in his bar application, and before the Joint Committee and the Board of Commissioners' hearing panel were central to the proceedings and the ultimate disposition of the case. Appellant had ample opportunity to prove that he was truthful; instead, he admitted to the hearing panel that he believed that he was under no obligation to tell the truth. The Ohio Supreme Court adopted specific findings and conclusions that he had lied under oath and that he lied both in civil proceedings and in the hearing before the panel. Under such circumstances, we find that the board was clearly entitled to rely solely on the findings of the Ohio Supreme Court and that such reliance did not constitute a violation of appellant's substantive due process rights.

We further find no merit to appellant's argument that the board violated his due process rights by improperly focusing on his civil litigation history, and, as a result, improperly disciplining him for rendering treatment that was below

the standard of care when he had not been charged with standard of care violations. A review of the board's meeting minutes reveals that the board members discussed the large number of malpractice cases involving appellant. However, the board members also expressly recognized that appellant had not been charged with standard of care violations; that no evidence was presented at the hearing concerning such violations; and that if such issues were to be explored, the matter would need to be referred to the secretary and supervising member of the board for investigation.[2] The board members ultimately determined that appellant's false statements made during the bar application proceedings justified revocation of his license, without consideration of possible future charges concerning his standards of practice. Accordingly, no due process violation occurred in this regard. The second assignment of error is not well taken.

By the third assignment of error, appellant contends that the common pleas court erred in finding that the doctrine of collateral estoppel precluded him from relitigating the issues raised in the bar admission proceedings before the board.

As the common pleas court found, appellant had ample opportunity to present evidence and defend his truthfulness in the proceedings before the Ohio Supreme Court. Under the doctrine of collateral estoppel, he may not attack those findings in the board's case. Where an administrative proceeding is judicial in nature, as the character and fitness proceeding clearly was, the doctrine of collateral estoppel bars relitigation of the same issues in a second administrative proceeding. *Superior's Brand Meats, Inc. v. Lindley* (1980), 62 Ohio St.2d 133, 135, 16 O.O.3d 150, 151, 403 N.E.2d 996, 998–999. This is true even though the party asserting the preclusion was not a party to the first action, provided the issue was actually litigated, directly determined, and essential to the judgment in the prior action. *Hicks v. De La Cruz* (1977), 52 Ohio St.2d 71, 74, 6 O.O.3d 274, 276–277, 369 N.E.2d 776, 777–778. Appellant's truthfulness was actually litigated, directly determined, and essential to the Ohio Supreme Court's decision.

Indeed, in the proceedings before the Board of Commissioners' hearing panel, appellant had a full and fair opportunity to litigate the issue of his truthfulness on the bar application, in the civil proceedings and before the Joint Committee. At the panel hearing, he discussed what he felt were his justifications for the false and evasive answers he had given. He was represented by counsel throughout

---

**2.** The secretary and the supervising member are the two board members charged with conducting investigations of licensees and tendering formal charges for the board's consideration. R.C. 4731.22(C).

the proceedings and was on notice from the time the Joint Committee recommended that his application be denied that his truthfulness was at issue. As noted previously, the findings that he lied under oath and in the application proceedings were made by the highest legal authority in this state. Accordingly, the trial court did not abuse its discretion in finding that the doctrine of collateral estoppel precluded appellant from relitigating the issue of his truthfulness in the proceeding before the board. The third assignment of error is not well taken.

Based on the foregoing, all three of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

TYACK and LAZARUS, JJ., concur.