ACCOUNTANCY BOARD OF OHIO, Appellant,

v.

HATTENBACH, Appellee.

[Cite as *Accountancy Bd. of Ohio v. Hattenbach,* 161 Ohio App.3d 208, 2005-Ohio-2430.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–1241.

Decided May 19, 2005.

</div>

Jim Petro, Attorney General, and John E. Patterson, for appellant.

Patrick E. McKnight, for appellee.

BROWN, Presiding Judge.

{¶ 1} The Accountancy Board of Ohio, appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court reversed the

board's order finding that Edward R. Hattenbach, appellee, had engaged in conduct discreditable to the public accounting profession.

{¶ 2} Appellee has been a certified public accountant ("CPA") since 1989 and operates his own accounting business. In 1994, he began a business relationship with Stan Sikorski, who is not a CPA. Although appellee maintains that he did not intend for Sikorski to be his employee, Sikorski was authorized to sign tax returns on behalf of appellee's business, to use the business's tax software, and to use the business's letterhead for billing and correspondence. In 2001, Sikorski's client, Lawrence Chinery, filed an action in Hamilton County Municipal Court against appellee, appellee's firm, and Sikorski, alleging that Sikorski had committed professional negligence and breach of contract in failing to properly advise him regarding several financial, tax, and accounting issues, a failure that resulted in financial loss to Chinery. In February 2002, a default judgment was rendered against Sikorski in the Hamilton County action in the amount of $4,359. In December 2002, appellee was dismissed as a party in the Hamilton County action, and summary judgment was granted against appellee's business in the amount of $4,359 based upon an apparent finding that Sikorski was an employee of appellee's business.

{¶ 3} The board mailed a notice to appellee on July 25, 2003, informing him that the board was taking disciplinary action against him with regard to the conduct detailed in the Hamilton County action pursuant to R.C. 4701.16(A)(10). The board held a hearing on November 3, 2003, after which it found that appellee was subject to discipline for engaging in conduct discreditable to the public accounting profession, in violation of R.C. 4701.16(A)(10).

{¶ 4} Appellee appealed the board's order to the Franklin County Court of Common Pleas, which reversed the board's order. In its October 27, 2004 decision and judgment entry, the trial court found that, although there was reliable, probative, and substantial evidence in the record that Sikorski was an employee of appellee's firm and that Sikorski had failed to give proper advice to Chinery, such negligence, without more, was insufficient to find that appellee had offended the integrity and dignity of the accounting profession and that he had brought discredit upon the profession. The board appeals the judgment of the trial court, asserting the following assignment of error:

The Trial Court Errored [sic] In Finding That The Standard Established in *Doelker v. Accounting [Accountancy] Bd. of Ohio* (1967), 12 Ohio St.2d 76 [41 O.O.2d 328, 232 N.E.2d 407] Was Applicable To The Actions Of Appellant–Appellee, Edward R. Hattenbach.

{¶ 5} The board argues in its assignment of error that the trial court erred in finding that the standard established in *Doelker v. Accountancy Bd. of Ohio* (1967), 12 Ohio St.2d 76, 41 O.O.2d 328, 232 N.E.2d 407, was applicable to

the actions of appellee. Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record and determine whether the agency's order is "supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12. "Reliable" evidence is evidence that is dependable and may be confidently trusted. *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303. In order to be reliable, there must be a reasonable probability that the evidence is true. Id. "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. Id. "Substantial" evidence is evidence with some weight; it must have importance and value. Id.

{¶ 6} The common pleas court's "review of the administrative record is neither a trial *de novo* nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" *Lies v. Veterinary Med. Bd.* (1981), 2 Ohio App.3d 204, 207, 2 OBR 223, 441 N.E.2d 584, quoting *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 280, 58 O.O. 51, 131 N.E.2d 390. Even though the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, the findings of the agency are not conclusive. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 407 N.E.2d 1265.

{¶ 7} An appellate court's standard of review in an administrative appeal is more limited than that of a common pleas court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. It is not the function of the appellate court to examine the evidence. Id. The appellate court is to determine only whether the trial court has abused its discretion. Id. Abuse of discretion is not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Id. Absent an abuse of discretion on the part of the trial court, an appellate court may not substitute its judgment for that of an administrative agency or a trial court. Id. Nonetheless, an appellate court does have plenary review of purely legal questions in an administrative appeal. *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, 784 N.E.2d 753, at ¶ 15. Accordingly, we must also determine whether the common pleas court's decision is in accordance with law.

{¶ 8} The board found that appellee had violated R.C. 4701.16(A)(10), which provides:

(A) After notice and hearing as provided in Chapter 119. of the Revised Code, the accountancy board may discipline as described in division (B) of this section a person holding an Ohio permit, an Ohio registration, a firm registration, a CPA certificate, or a PA registration or any other person whose

activities are regulated by the board for any one or any combination of the following causes:

\* \* \*

(10) Conduct discreditable to the public accounting profession or to the holder of an Ohio permit, Ohio registration, or foreign certificate.

{¶ 9} Pursuant to R.C. 4701.16(A)(10), therefore, the issue faced by the board was whether appellee had engaged in any conduct discreditable to the public accounting profession. The trial court found that the conclusion that Sikorski was an employee of appellee's business who committed negligence, without more, was insufficient upon which to base a conclusion that appellee had offended the integrity or dignity of the accounting profession so as to have brought discredit upon the profession.

{¶ 10} We agree with the trial court that there was a lack of evidence presented as to why or how appellee had brought discredit upon the accounting profession. The version of Ohio Adm.Code 4701–11–09(B) in effect at the time of the hearing provided the following list of 11 acts that constitute conduct discreditable to the accounting profession:

(1) Using deceptive representations in connection with the performance of services;

(2) Representing that services are of a particular standard when they are not;

(3) Disparaging the professional services or business of another by false representations of fact;

(4) Promoting one's professional services or registered firm in any manner which is inconsistent with upholding a high standard of integrity and dignity in the accounting profession, including, but not limited to:

(a) Misrepresenting facts or failing to disclose relevant facts.

(b) Creating false or unjustified expectation of favorable results.

(c) Implying abilities not supported by valid educational or professional attainments (or licensing recognition).

(d) Implying the ability to influence improperly any court, tribunal or other public body or official.

(e) Making any other representation or implication that is false, fraudulent or deceptive, or that could mislead an ordinarily prudent person.

(5) Employing another person to perform discreditable acts which the persons described in paragraph (B) of this rule are prohibited from doing by law or rules of the accountancy board.

(6) Engaging in any deceptive trade practice prohibited by law.

(7) Unauthorized use or disclosure of information obtained by either the accountancy board or its authorized agents during or in connection with the board's peer review program except for information described in division (K)(3) of section 4701.04 of the Revised Code or when necessary to comply with any provision of law.

(8) Violation of any of the provisions of rule 4701–11–06 of the Administrative Code regarding unauthorized retention of client records.

(9) Fraud or deceit in the act of verifying a CPA candidate's experience, or making any false statement with respect to such verification, as described in paragraph (C) of rule 4701–7–05 of the Administrative Code.

(10) Holding out to the public that an accounting credential issued in a foreign country is in good standing if that credential has been suspended or revoked under the laws of the foreign country.

(11) The conviction of a felony or any crime involving dishonesty or fraud under the laws of a foreign country.

{¶ 11} The record is devoid of the specific reasoning of the board, and the certified letter from the board to appellee merely states, without further explanation, that it voted unanimously to find that he had violated R.C. 4701.16(A)(10). In its brief, the board seems to seek support for its order by focusing on the fact that an employee of appellee's business (Sikorski) had failed to provide timely advice to a client (Chinery) and that the delay had resulted in financial loss to the client. Like the trial court, we fail to find any evidence that these actions by Sikorski constituted, were caused by, or resulted in any of the conduct delineated in Ohio Adm.Code 4701–11–09(B)(1) through (11). At the hearing before the board, the board specifically raised questions regarding subsections (1) and (2); however, even assuming that Sikorski was an actual employee of appellee's firm, there was no evidence that any deceptive representation facilitated, enabled, or encouraged Sikorski's conduct pursuant to subsection (1). Sikorski simply gave bad advice to Chinery so as to constitute professional negligence. The board may point to the fact that appellee permitted Sikorski to sign tax returns in the name of the business and to generate billings using company letterhead as evidence of such deceptive representation. However, the board itself vehemently insists that we cannot disturb the findings of the Hamilton County trial court, which found that Sikorski was, in fact, an employee of appellee's firm. Logically, if Sikorski has been legally determined to be an employee of appellee's business, there has been no deception involved in appellee's permitting Sikorski to sign tax returns on behalf of appellee's business and to use the company letterhead.

{¶ 12} Further, with regard to subsection (2), there was no evidence as to any representation by Sikorski that the services were of a particular standard when they were not. Sikorski had a long-term relationship with Chinery before his

employment with appellee's business, and there was no evidence that any representation of a particular standard was made by Sikorski, or by appellee's business, for that matter, that induced Chinery to seek the services of Sikorski. Although at least one member of the board at the hearing seemed to believe that evidence of the judgment against appellee's business was sufficient to establish conduct consistent with subsection (2), we fail to see how the judgment alone could support such. The use of the word "representing" in subsection (2) would seem to indicate the need for the commission of some type of act, or the omission of some salient fact, rather than just the mere existence of a judgment against an accounting firm for professional negligence. No evidence was cited that either Sikorski or appellee's firm made any representation. If we were to follow the board's contention, subsection (2) would apply to every case in which there has been a court judgment finding professional negligence. If the drafters of Ohio Adm.Code 4701–11–09(B) had intended every civil judgment for professional negligence to constitute conduct discreditable to the accounting profession, they could have easily included such as one of the types of conduct listed in the section, just as they included certain criminal convictions in subsection (11). See, e.g., *Chiles v. M.C. Capital Corp.* (1994), 95 Ohio App.3d 485, 492, 642 N.E.2d 1115 (had the drafters so intended a statute to include certain language, they easily could have included that language). Their failure to do so is telling, and we will not inject such an all-encompassing meaning into Ohio Adm.Code 4701–11–09(B) where there is no evidence that this is what was intended. See, e.g., *B & D Drilling v. Ohio Dept. of Natural Resources, Div. of Mineral Resources Mgt.,* Franklin App. No. 02AP–52, 2002-Ohio-5010, 2002 WL 31111853 (this court cannot read language into a statute when drafters do not word a statute in a particular way and no such language is clearly set forth). For these reasons, we agree with the trial court that there was no evidence that Sikorski's acts constituted any of the conduct described in Ohio Adm.Code 4701–11–09(B)(1) through (11).

{¶ 13} In addition, there was also no evidence presented that appellee had personally committed any acts that violated Ohio Adm.Code 4701–11–09(B)(1) through (11). The board fairly conceded at the hearing that the conduct it found violative of subsections (1) through (11) was not based upon the services performed by appellee personally, but those services performed under the business name, specifically, the services performed by Sikorski. We agree with the board that there is nothing in the record to suggest that appellee employed Sikorski knowing he was giving faulty advice, and, in fact, appellee testified that he terminated his relationship with Sikorski immediately after learning of his present actions and banished him from the office space. Therefore, appellee cannot be said to have personally engaged in any conduct that was discreditable to the accounting profession. We also note that, even assuming that such actions

by Sikorski could constitute malpractice on behalf of appellee, as Chinery has alleged, we find no support for the view that an act of malpractice constitutes an automatic violation of R.C. 4701.16(A)(10). For these reasons, we find that there was no evidence that Sikorski, appellee's firm, or appellee engaged in any conduct discreditable to the accounting profession so as to subject appellee to disciplinary action under R.C. 4701.16(A)(10). Further, as we need not rely upon *Doelker*, supra, to affirm the trial court's judgment based on the above analysis, and as the trial court merely found *Doelker* "instructive," we find the board's objection to the trial court's citation to *Doelker* to be inconsequential. Therefore, the trial court did not abuse its discretion, and its judgment was in accordance with the law. The board's assignment of error is overruled.

{¶ 14} Accordingly, the board's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

BRYANT and FRENCH, JJ., concur.