[Cite as *Millard v. Ohio Accountancy Bd.*, 2017-Ohio-7677.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STEPHANIE GAYE MILLARD, | : | APPEAL NO. C-160858 |
| | | TRIAL NO. A-1506230 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| ACCOUNTANCY BOARD OF OHIO, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 20, 2017

*Hawley Law Co., LPA*, and *Kenneth G. Hawley*, for Plaintiff-Appellant,

*Michael DeWine*, Ohio Attorney General, and *Rachel Huston*, Assistant Attorney General, for Defendant-Appellee.

**MYERS, Judge.**

{¶1}    Stephanie Gaye Millard appeals the judgment of the Hamilton County Common Pleas Court affirming the order of the Accountancy Board of Ohio that revoked her certified public accountant ("CPA") certificate.

{¶2}    In January 2015, Millard was convicted, following guilty pleas, of two counts of unauthorized use of property, in violation of R.C. 2913.04(A).   In November 2015, the accountancy board conducted a disciplinary hearing pursuant to its authority under R.C. 4701.16(A)(6), which allows disciplinary action against an accountant for "[c]onviction of any crime, an element of which is dishonesty or fraud, under the laws of any state or of the United States."

### *The Disciplinary Hearing*

{¶3}    At the disciplinary hearing, the accountancy board heard testimony from its investigator and from Millard.  Copies of the indictment, the plea form, the judgment of conviction, and the bill of particulars from Millard's criminal case were admitted into evidence.

{¶4}    The documentary evidence demonstrated that Millard had been indicted by a Hamilton County grand jury for 26 felony offenses:  nine counts of theft in office, nine counts of unauthorized use of property, and eight counts of tampering with evidence.   The indictment and bill of particulars alleged that Millard had worked as a treasurer for the Cincinnati College Preparatory Academy ("CCPA") from July 2006 to February 2013.  During that time, Millard had allegedly used funds from CCPA and the Ohio Department of Education ("ODE") to pay for personal expenditures for herself and for Lisa Hamm, the superintendent of CCPA.

{¶5} Millard entered guilty pleas to counts 4 and 16, for unauthorized use of property in violation of R.C. 2913.04(A), after the counts were reduced from felonies to misdemeanors. As charged in the indictment, counts 4 and 16 alleged that Millard had knowingly used the property of the ODE and/or CCPA, without the consent of the owner or person authorized to give consent, and had committed the offenses for the purpose of devising a scheme to defraud or obtain property or services, and that the value of the property or services or the loss had been between $7,500 and $150,000.

{¶6} With respect to count 4, the bill of particulars alleged that the CCPA school board had authorized Millard, Hamm, and two others to attend a three-day conference in San Diego. The group traveled to the conference six days before it began and "went vacationing and sightseeing." The group claimed to have visited some charter schools in that time, but no such visits occurred. Unauthorized individuals were present for portions of the school-funded trip. The group spent more than $20,000, which was four times the amount that had been authorized by the school board. Hamm did not ask to school board to ratify the expenditure of additional funds, and Millard used ODE and/or CCPA funds to pay for the entire trip.

{¶7} For count 16, the bill of particulars alleged that the CCPA school board had authorized Hamm and Clayton Mathews to attend a seven-day residency program in Liverpool, England. The pair flew into Paris, France, where they met Millard, before visiting Manchester and London, England, as well as Edinburgh, Scotland. During the 15-day trip, the group conducted no school visits or school-

related business, outside of the residency program. Millard used ODE and/or CCPA funds to pay the $32,000 cost of the trip.

{¶8}   Millard entered guilty pleas to counts 4 and 16 as amended, and the remaining 24 counts were dismissed. In addition, she agreed to pay restitution in the amount of $2,000. The trial court sentenced her to two years' community control.

{¶9}   Millard testified that she had attended the conference in San Diego, and had already been in Paris at the time she met with Hamm and Mathews. She admitted that school funds had been used for some of her expenses, stating, "They paid some of my expenses. I shared a room with the superintendent in Paris. And the hotel charges were $800, so."

{¶10}  At the conclusion of the disciplinary hearing, the accountancy board voted unanimously to revoke Millard's CPA certificate. The revocation order contained a provision that she could not apply for reinstatement until she completed the terms and conditions established by the court in the criminal matter.

{¶11} Millard appealed the revocation order to the common pleas court, pursuant to R.C. 119.12. The court stayed enforcement of the revocation order pending its disposition of the appeal. Following a hearing, the court affirmed the order of the accountancy board. This appeal followed.

### *The Appeal*

{¶12} In a single assignment of error, Millard argues that the trial court erred by affirming the accountancy board's revocation of her CPA certificate under R.C. 4701.16(A)(6), where the revocation was based solely on her convictions for

4

unauthorized use of property. She contends that no reliable, probative, or substantial evidence supported the accountancy board's determination that she had committed an offense that included an element of fraud or dishonesty.

### *Standard of Review*

{¶13} An appellate court's standard of review for administrative appeals is narrower than that of the common pleas court. The common pleas court may affirm an administrative agency's order if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 119.12; *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571, 589 N.E.2d 1303 (1992).

{¶14} But an appellate court's review of questions of fact is limited to determining whether the common pleas court abused its discretion in finding that the agency's decision was supported by reliable, probative, and substantial evidence. *Gaither-Thompson v. Ohio Civ. Rights Comm.*, 176 Ohio App.3d 493, 2008-Ohio-2559, 892 N.E.2d 524, ¶ 16 (1st Dist.); *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). On questions of law, however, an appellate court conducts a de novo review. *Gaither-Thompson* at ¶ 17; *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, 897 N.E.2d 1096, ¶ 43.

### *Millard's Convictions Supported the Revocation under R.C. 4701.16(A)(6)*

{¶15} First, Millard asserts that her convictions do not support the revocation of her CPA certificate under R.C. 4701.16(A)(6) because dishonesty and fraud are not essential elements of the offense of unauthorized use of property under

R.C. 2913.04(A). Without proof of dishonesty or fraud, she contends, there was no legal basis for the revocation.

{¶16} R.C. 2913.04(A) provides: "No person shall knowingly use or operate the property of another without the consent of the owner or person authorized to give consent." The offense is a fourth-degree misdemeanor, unless otherwise provided in divisions (F)(3) and (4) of the statute. *See* R.C. 2913.04(F)(2).

{¶17} Under division (F)(3) of R.C. 2913.04, if unauthorized use of property is "committed for the purpose of devising or executing a scheme to defraud or to obtain property or services," the offense is, at a minimum, a first-degree misdemeanor. *See* R.C. 2913.04(F)(3)(a). In this case, Millard pled guilty to two first-degree misdemeanor violations of unauthorized use of property, which necessarily included the element set forth in R.C. 2913.04(F)(3)(a).

{¶18} Millard contends that the offenses for which she was convicted did not necessarily contain an element of fraud because R.C. 2913.04(F)(3) uses the disjunctive "or" in the latter part of the following phrase: "if unauthorized use of property is committed for the purpose of devising or executing a scheme to defraud *or* to obtain property or services[.]" (Emphasis added.) *See* R.C. 2913.04(F)(3). She asserts that because one form of conduct is fraudulent (devising or executing a scheme to defraud), and the other is not necessarily fraudulent (devising or executing a scheme to obtain property or services), the accountancy board was required to receive and consider additional evidence beyond her convictions before revoking her certificate. We disagree.

{¶19} First, the offense of unauthorized use of property is itself statutorily defined as a "theft offense" in R.C. 2913.01(K)(1). Ohio courts have routinely held

that a theft offense is an offense of dishonesty. *See State v. Watson*, 1st Dist. Hamilton No. C-010691, 2002 WL 1817327 (Aug. 9, 2002); *Washington v. BancOhio Nat. Bank*, 21 Ohio App.3d 234, 486 N.E.2d 1227 (10th Dist.1985). In addition, a prior conviction for a theft offense can be used for impeachment purposes pursuant to Evid.R. 609(A). *See State v. VanPelt*, 1st Dist. Hamilton No. C-990505, 2000 WL 238032 (Mar. 3, 2000); *State v. Taliaferro*, 2 Ohio App.3d 405, 442 N.E.2d 481 (10th Dist.1981). "Clearly and undisputedly, a theft is inherently dishonest. Common sense dictates that stealing is a dishonest act." *VanPelt* at *2, citing *State v. Johnson*, 10 Ohio App.3d 14, 16, 460 N.E.2d 625 (10th Dist.1983).

{¶20} Millard relies on *Doelker v. Accountancy Bd.*, 12 Ohio St.2d 76, 232 N.E.2d 407 (1967), for the proposition that proof of her convictions alone, without further proof of dishonesty or fraud, was insufficient to support the revocation of her CPA certificate under R.C. 4701.16(A)(6). However, her reliance on *Doelker* is misplaced. *See Hayes v. State Med. Bd. of Ohio*, 138 Ohio App.3d 762, 768, 742 N.E.2d 238 (1oth Dist.2000). In *Doelker*, the Supreme Court held that a certified copy of an accountant's conviction for failing to file a federal income-tax return was insufficient evidence to support discipline under former R.C. 4701.16 because the federal crime did not contain an element of dishonesty or fraud. *Doelker* at ¶ 79-80. In light of our conclusion that a first-degree misdemeanor offense of unauthorized use of property under R.C. 2913.04(A) necessarily involves an element of fraud or dishonesty, *Doelker* is inapposite.

{¶21} Evidence that Millard had been convicted of two offenses of unauthorized use of property was sufficient to support the accountancy board's disciplinary action under R.C. 4701.16(A)(6) because the offenses involved elements

7

of dishonesty or fraud. Consequently, we hold that the trial court did not err when it affirmed the order of the accountancy board. We overrule the assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.