4

**HUDSON, Appellant,**

v.

**BROWN, Registrar, Appellee.**

Court of Common Pleas of Ohio,
Portage County.

Decided Feb. 9, 1995.

*Brian J. Williams,* for appellant.

*Laurel D. Blum,* for appellee.

JOSEPH R. KAINRAD, Judge.

This is an administrative appeal taken pursuant to R.C. 119.12. This matter is before the court upon motion of plaintiff-appellant Geoffrey A. Hudson to admit additional evidence to the record. Defendant-appellee Registrar of Motor Vehicles, Mitchell J. Brown, opposes the motion because it is not "newly discovered evidence" as required by R.C. 119.12.

The record of proceedings indicates that appellant's license was suspended by the Bureau of Motor Vehicles for his failure to pay a civil judgment rendered against him. The bureau's authority for such suspensions is found at R.C. 4509.37(A), which provides, in pertinent part, as follows:

"The registrar of motor vehicles upon receipt of a certified copy of a judgment, *shall forthwith suspend the license* and registration and any nonresident's operating privilege of any person against whom such judgment was rendered * * *." (Emphasis added.)

In suspending a license under this statute, the bureau is not required to offer the licensee a hearing.

"(A) [T]he registrar of motor vehicles is not required to hold any hearing in connection with an order revoking or suspending a motor vehicle driver's or commercial driver's license pursuant to section * * * 4509.37 * * * of the Revised Code * * *." R.C. 119.062.

Appellant has moved for the admission of additional evidence to be considered by this court in deciding his appeal. Appellee opposes the motion, citing the limitations found in R.C. 119.12, which provides, in pertinent part, that:

"[T]he court may grant a request for the admission of additional evidence when satisfied that such additional evidence is *newly discovered* and could not with

reasonable diligence have been ascertained *prior to the hearing before the agency."* (Emphasis added.)

Appellee asserts only newly discovered evidence may be admitted and, as appellant's proposed evidence could have been discovered before now, such evidence cannot be admitted.

R.C. 119.12 presupposes that a hearing was available before the administrative agency in the first instance. Here, the statutes indicate, and the record before the court confirms, no hearing was held by the bureau before it suspended appellant's license. Appellant, then, has been given no opportunity to present evidence opposing his license suspension.

■  By its own terms the limitation of additional evidence applies where a hearing was available before the administrative agency. That is not the case here, however. The court concludes that the limitation on additional evidence found in R.C. 119.12 has no applicability where, as here, no hearing is available to an appellant. Where a hearing is not available, the appellant may request a common pleas court to admit any additional evidence that would be relevant to the administrative agency's determination in taking the action appealed.

■  Appellant's motion describes the proposed additional evidence and reveals that such evidence, if believed, would demonstrate the following: (1) that appellant was possibly not served with summons on the underlying civil complaint from which the civil judgment emanated; (2) that if the civil action had been heard on the merits, rather than by default as was the case, his conduct could have been excused by the defense of "sudden emergency"; or (3) that his emotional state at the time the underlying default judgment was entered would excuse his being subject to the penalties under R.C. 4509.37.

■  All these factors may be relevant to a court's determination to vacate the underlying judgment, pursuant to Civ.R. 60(B). However, this action is an administrative appeal, not a motion to vacate. An administrative appeal is not the forum in which to collaterally attack an otherwise valid civil judgment. Here, this court's sole duty is to determine whether there is "reliable, probative, and substantial evidence" to support the bureau's determination. *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 589 N.E.2d 1303; R.C. 119.12. It is not within the province of this court to retry the underlying civil action or conduct a hearing questioning the propriety of the resulting judgment.

The court concludes that the additional evidence proffered by appellant is not relevant to the issues at hand, and therefore that evidence cannot be admitted as additional evidence.

Upon review of the motions and the record of proceedings filed herein, the court finds that appellant's motion to admit additional evidence is not well taken.

IT IS THEREFORE ORDERED that appellant's motion to admit additional evidence be and hereby is denied.

IT IS FURTHER ORDERED that appellant's memorandum in support of his appeal shall be filed within twenty days of the date of this entry; that appellee's memorandum shall be filed twenty days thereafter; and that appellant's reply, if any, shall be filed ten days thereafter.

SO ORDERED.

*Judgment accordingly.*