JUBB, Appellant,

v.

OHIO BUREAU OF MOTOR VEHICLES, Appellee.

Court of Common Pleas of Ohio,
Medina County.

No. 00–CIV–0807.

Decided June 27, 2001.

44

*Christopher J. Mallin,* for Deborah L. Jubb.

*Betty D. Montgomery,* Attorney General, and *Mollie A. Martin,* for State.

JAMES L. KIMBLER, Judge.

## *Background*

Appellee, Ohio Bureau of Motor Vehicles (the "bureau"), sent a notice of suspension dated August 9, 2000, bearing case No. CG503977, to appellant, Deborah L. Jubb. In response to the notice of suspension, Jubb served a notice of appeal on the bureau on August 22, 2000, and filed a copy of the notice with this court on the same date. Thereafter, the bureau's Financial Responsibility Section Chief sent a letter dated September 8, 2000 to the Medina County Clerk of Courts regarding the present action and the bureau case upon which it is based, namely case No. CG503977. In the letter, the section chief advised the clerk that "[e]nclosed are certified copies of the case." Attached to the letter is an original document dated September 8, 2000, and filed with court on September 13, 2000, bearing the signature of the bureau's registrar, Franklin R. Caltrider, along with that official's seal. This document provides:

"STATE OF OHIO

"FRANKLIN COUNTY
"RE: BUREAU CASE NUMBER CG503977,
 DEBORAH L. JUBB

"I, FRANKLIN R. CALTRIDER, hereby certify that I am the Registrar of the Bureau of Motor Vehicles, Department of Public Safety, for the State of Ohio; that I am custodian of all the files and records of the Ohio Bureau of Motor Vehicles; that a search of the files has been made; and, that the attached documents are true and accurate copies of the records in my custody."

Attached to Registrar Caltrider's certified statement are copies of three documents: (1) Jubb's notice of appeal, to which is attached a copy of the

bureau's notice of suspension dated August 9, 2000; (2) another copy of the bureau's notice of suspension dated August 9, 2000, although this copy is stylistically different from the notice of suspension sent to Jubb, which difference is evidenced by "numbers" printed with a different font; (3) a copy of an unsigned letter dated August 24, 2000, from the bureau to attorney John Porter regarding Jubb and case No. CG503977.[1]

### Applicable Law

Under R.C. Chapter 4509, the financial responsibility law in the state of Ohio, the bureau is vested with authority to suspend or revoke drivers' licenses for a number of reasons. One such reason is set forth in R.C. 4509.31, which provides:

"(A) Whenever the registrar of motor vehicles receives notice from a court of record or mayor's court that a person has been convicted of, pleads guilty to, or forfeits any bail or collateral deposited to secure an appearance for trial for any of the crimes listed in section 4507.16 of the Revised Code, the registrar shall suspend the driver's or commercial driver's license or permit or nonresident operating privilege of the person and the registration of all motor vehicles registered in the name of the person as the owner, except that the registrar shall not suspend the driver's or commercial driver's license or permit or nonresident operating privilege, and registration unless other required by law in the event the person has given or immediately gives and thereafter maintains, for a period of three years, proof of financial responsibility with respect to all the motor vehicles registered by the person as the owner."

One of the crimes listed in R.C. 4507.16 is "[w]illfully eluding or fleeing a police officer," R.C. 4507.16(A)(1)(e). The bureau's notice of suspension, dated August 9, 2000, to Jubb reflects that the bureau suspended her license based upon her alleged conviction for "FLEE/OFFICER."

---

1. The August 24, 2000 letter states: "Thank you for your recent correspondence concerning an Administrative Hearing by the Bureau of Motor Vehicles. Please refer to the following (only the boxes check below apply)."

 Only one box was checked, next to the following language: "Our Notice of Suspension, dated 08–09–00 advised you of Section 119.07 of the Ohio Revised Code. If an appeal was filed with the Common Pleas Court within fifteen days of the mailing of our Notice of Suspension, a copy of the appeal, time stamped by the court, should be filed with our office."

 After reviewing the notice of suspension in question, the court notes that it does not refer to R.C. 119.07, which statute in large degree establishes the procedures an administrative agency must follow with respect to granting a person an administrative hearing. However, in the case at bar Jubb was not entitled to an administrative hearing because (1) the bureau's notice of suspension to Jubb is based upon R.C. 4509.31, and (2) R.C. 119.062(A) states that "the registrar of motor vehicles is not required to hold any hearing in connection with an order revoking or suspending a motor vehicle driver's or commercial driver's license pursuant to section * * * 4509.31 * * * of the Revised Code * * *."

Jubb has appealed her notice of suspension to this court pursuant to R.C. 119.12, which provides:

"Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency.

" * * *

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * * "

In interpreting the foregoing statute, the court in *Wise v. Ohio Motor Vehicle Dealers Bd.* (1995), 106 Ohio App.3d 562, 565, 666 N.E.2d 625, 627, held:

"When reviewing an order of an administrative agency pursuant to R.C. 119.12, a common pleas court generally must affirm the agency's order if it is supported by reliable, probative and substantial evidence *and* is in accordance with the law. In determining whether the agency's decision is supported by reliable, probative and substantial evidence, the trial court is required to give 'due deference to the administrative resolution of evidentiary conflicts.' Thus, the common pleas court must undertake a 'hybrid form of review,' examining both the factual and legal determinations made by the agency." (Emphasis *sic* and citations omitted.)

## Discussion

█ The underlying judgment, which forms the basis of Jubb's suspension, comes from the Brunswick Mayor's Court. For several reasons, Jubb's argument that the validity of the underlying judgment can be attacked in the present administrative appeal lacks merit.

First, this court agrees with the court in Portage County that R.C. 119.12 does not permit such a course of conduct. In *Hudson v. Brown* (1995), 75 Ohio Misc.2d 4, 662 N.E.2d 99, the appellant failed to satisfy a civil judgment rendered against him with respect to a motor vehicle accident in which he was involved. Appellee, the Registrar of the Ohio Bureau of Motor Vehicles, suspended appellant's license pursuant to R.C. 4509.37, which requires the registrar to suspend the license of a person against whom such a judgment was rendered

when the registrar receives a certified copy of the judgment. Appellant moved to admit additional evidence in his appeal to the court, which additional evidence allegedly related to the arguable invalidity of the underlying judgment against him. Judge Joseph R. Kainrad of the Portage County Court of Common Pleas, after noting that such evidence might be relevant to a Civ.R. 60(B) motion in the tort case against appellant, held:

"An administrative appeal is not the forum in which to collaterally attack an otherwise valid civil judgment. Here, this court's sole duty is to determine whether there is 'reliable, probative, and substantial evidence' to support the bureau's determination. *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 589 N.E.2d 1303; R.C. 119.12. It is not within the province of this court to retry the underlying civil action or conduct a hearing questioning the propriety of the resulting judgment." *Id.,* 75 Ohio Misc.2d at 6, 662 N.E.2d at 100–101.

While the case at bar is factually distinguishable from *Brown* in that *Brown* involved a license suspension relating to a civil judgment and the present case involves a license suspension based upon an alleged judgment in a criminal case, this is a distinction without a difference and the legal principle articulated by Judge Kainrad applies with equal force to appellant Jubb herein.

Moreover, assuming *arguendo* that the alleged underlying criminal judgment in the case *sub judice* could be collaterally attacked in this administrative appeal, Jubb has not presented a record of the proceedings before the mayor's court, and, in the absence of such a record, the proceedings in that court are presumed proper. See *Portage v. Belcher* (1996), 117 Ohio App.3d 90, 91, 689 N.E.2d 1032, 1033.

Turning now to the bureau's view of this appeal, the bureau argues that its notice of suspension to Jubb is supported by reliable, probative, and substantial evidence. If that is true, then the court agrees with the bureau that the court cannot substitute its judgment for that of the bureau's, and accordingly the bureau's notice of suspension would be affirmed. Thus, the critical question before the court is whether the notice of suspension is supported by such evidence. In answering this question, the court agrees that "the reviewing court should examine the evidence from the record certified to it by the agency to see whether the decision by the agency is supported by reliable, probative, and substantial evidence. * * *" (Brief of bureau, filed Feb. 13, 2001, pg. 7.)

The record certified by the registrar on September 8, 2000, and filed herein on September 13, 2000, is devoid of evidence from the Brunswick Mayor's Court relative to the alleged judgment against Jubb in case No. 2406AA in the mayor's court.

After examining R.C. Chapter 4509 relative to how a court, be it a mayor's court or a court of record, is to provide notice to the bureau concerning an Ohio resident's conviction of, or guilty plea to, any crime listed in R.C. 4507.16, the court concludes that no statutory guidance is set forth.

However, as to a *nonresident* who is convicted of violating a crime listed in R.C. 4507.16, "the clerk of every court of record and the mayor of every mayor's court immediately shall forward to the registrar a certified copy or transcript of the conviction * * *." R.C. 4509.35.

Thus, for purposes of illustration, if the mayor of the Brunswick Mayor's Court had sent the bureau a certified copy of the judgment in case No. 2406AA, and if the bureau had kept the copy in its business records, the bureau could have certified a copy of that entry to this court, thereby providing the evidentiary basis to affirm its notice of suspension to Jubb.[2] However, this procedure, which is not statutorily mandated vis-à-vis Ohio residents, apparently was not used by the Brunswick Mayor's Court.

In response to a journal entry that this court filed on February 28, 2001, requesting a transcript, the bureau's counsel sent a letter to the court dated March 14, 2001, which letter was filed herein on March 26, 2001, informing the court that no transcript was available because no administrative hearing took place prior to the notice of suspension being issued. Included, however, with said letter was a copy of the alleged traffic ticket and "Court Entry" that formed the basis of the alleged conviction of Jubb in the Brunswick's Mayor's Court, along with an affidavit of a supervisor employed by the bureau.

Thereafter, on May 9, 2001, this court filed another journal entry, which entry in pertinent part ordered the "Defendant [the bureau] to produce within 30 days of receipt of this entry the reliable, substantive, and probative evidence relied upon by the Defendant in suspending the Plaintiff's [Jubb's] license."

---

**2.** The simplicity of this procedure is demonstrated by an analogous provision of Ohio's driver's license suspension law. The first paragraph of R.C 4509.35 provides that "[w]henever any person fails within thirty days to satisfy a judgment rendered within this state, upon the written request of the judgment creditor * * *, the clerk of the court which rendered the judgment, or the judge of the court or mayor of the mayor's court if the court has no clerk, immediately shall forward a certified copy of the judgment to the registrar of motor vehicles." R.C. 4509.37 in turn mandates that the registrar, "upon receipt of a certified copy of a judgment" suspend the license and registration of the judgment debtor. The court takes judicial notice of an administrative appeal filed in this court by a judgment debtor who had his license suspended pursuant to R.C. 4509.37. See *Wetzel v. Ohio Bur. of Motor Vehicles*, Medina County Common Pleas Court No. 94 CIV 0752. In the *Wetzel* case, on June 17, 1994, the bureau filed the certification of its record, included with the record was a copy of a certified copy of a judgment rendered against Wetzel in the Parma Municipal Court, that judgment being the basis of the bureau's notice of suspension to him. See copy of Parma Municipal Court judgment attached hereto as Exhibit A, and copy of "Notice of Suspension" attached hereto as Exhibit B.

The bureau responded to the latter order by filing a supplemental brief on June 8, 2001. To this supplemental brief, the bureau attached (1) a certified copy of the ticket and "Court Entry" in case no. 2406AA in the Brunswick Mayor's Court, (2) a certified copy of City of Brunswick Point Assessment for the Bureau of Motor Vehicles, (3) a copy of a document captioned "APPENDIX B— OFFENSE CODES," (4) an affidavit of the Clerk of the City of Brunswick, Mayor's Court, and (5) an affidavit of the bureau's Supervisor of Compliance.

The court does not doubt that Jubb was in fact convicted in the Brunswick Mayor's Court in case No. 2406AA of willfully eluding or fleeing a police officer, and the court lauds the Ohio legislature's public policy of requiring the suspension of the driver's license of someone who is so convicted. However, what the court has to decide is whether the bureau in suspending Jubb's license did so based upon evidence that was not only before the bureau when the suspension order was issued but also upon evidence that is presently before this court in the record certified to it by the bureau.[3]

In addressing this question, the court turns to the Ohio Supreme Court case of *Doelker v. Ohio Accountancy Bd.* (1967), 12 Ohio St.2d 76, 41 O.O.2d 328, 232 N.E.2d 407 for guidance. In that case, Mrs. Doelker, a certified public accountant licensed in Ohio, was convicted in the United States District Court of failing to file a tax return. After a hearing before the accountancy board, Marion Frye Doelker's license was revoked. Pursuant to R.C. 119.12, she appealed that administrative order to the common pleas court. That court affirmed the agency's decision, but, on appeal to the court of appeals, the revocation order was reversed " 'for the reason that the order of the accountancy board * * * is not supported by reliable, probative and substantial evidence." ' *Id.* at 78, 41 O.O.2d at 330, 232 N.E.2d at 409.

On appeal to the Ohio Supreme Court, one of the arguments raised by the accountancy board was that Doelker violated an accountancy board rule "providing that 'a certified public accountant * * * shall not commit an act discreditable to the profession.' " *Id.* at 79, 41 O.O.2d at 331, 232 N.E.2d at 409.

In addressing this argument, the Ohio Supreme Court stated:

"Although Mrs. Doelker may have done something that would represent commission of 'an act discreditable to the profession,' the record fails to disclose this. The only evidence offered against her in the record is a certified copy of her conviction under Section 7203, Title 26, U.S.Code, for willfully failing to file a

---

**3.** The court will not consider the documents identified in the previous paragraph as being "additional evidence," as that term is used in R.C. 119.12, to the evidence certified to the court by the bureau on September 8, 2000, given that the bureau did not request, pursuant to this statute, that the documents be considered as additional evidence.

federal income tax return that she should have filed in the year 1955. * * *
Although the record does indicate that Mrs. Doelker acquiesced in 'all members
of the board' having 'seen the various briefs that were filed in the [federal] Court
of Appeals' and that she apparently agreed that 'they set forth the facts quite
clearly,' *there are no copies of those briefs in the record that was certified by the
board to the Common Pleas Court.*

"The opinion of the federal Court of Appeals is reported in *United States v.
Doelker* [C.A. 6, 1964], 327 F.2d 343. It indicates that evidence was probably
presented at Mrs. Doelker's trial which, if it had been presented in this
proceeding, might have supported disciplinary action against her by the accoun-
tancy board.

"However, Section 119.12, Revised Code, authorizes a Common Pleas Court, on
an appeal from an order of an agency revoking a license, to affirm that order of
the agency only 'if it finds, upon consideration of the entire record and such
additional evidence as the court has admitted, that the order is supported by
reliable, probative, and substantial evidence and is in accordance with law.' *This
means that such evidence must not only exist, but must be in the record in order
to support an affirmance. Arcaro Bros. Builders, Inc. v. Zoning Board of
Appeals* (1966), 7 Ohio St.2d 32, 33 [36 O.O.2d 18, 19], 218 N.E.2d 179 [180]."
(Emphasis added.) *Id.* at 79–80, 41 O.O.2d at 331, 232 N.E.2d at 409–410.

The parallels between *Doelker* and the case *sub judice* are striking. As
Doelker did not dispute facts in briefs before the accountancy board, Jubb does
not dispute that the bureau received information concerning her conviction in the
Brunswick Mayor's Court. (Brief of appellant Jubb at pg. 2.)

Moreover, just as no copies of briefs that Doelker admitted existed and that
were before the accountancy board were included in the record of her case
certified to the common pleas court in her case, no copy of any notice of any kind
in any form from the Brunswick Mayor's Court to the bureau regarding case No.
2406AA was certified to this court by the bureau.

Finally, just as a public record relative to Doelker's criminal conviction existed,
a public record relative to Jubb's criminal conviction in the Brunswick Mayor's
Court exists.

### Decision

Using *Doelker* as a legal benchmark, the court reluctantly finds that the
bureau's notice of suspension dated August 9, 2000, is not supported by reliable,
probative, and substantial evidence in the record as certified to the court by the
bureau in this case.

Accordingly, pursuant to R.C. 119.12, the bureau's "Notice of Suspension," dated August 9, 2000, to Jubb is hereby reversed and vacated.

*So ordered.*

## EXHIBIT A

IN THE PARMA MUNICIPAL COURT
CUYAHOGA COUNTY, OHIO

GRANGE MUTUAL INSURANCE CO., et al. CASE NO: 93 CVE 705

 Plaintiffs JUDGE:

v

JANE WETZEL JUDGMENT ENTRY

and

JAMES C. WETZEL

————— ———Defendants———

 This cause came on for hearing this_____:_____day of_____, 1993 upon the claim and subsequent application for default of the Plaintiffs, the Defendants having failed to enter an appearance although duly served with process according to law.

 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment is hereby rendered in favor of the Plaintiffs against Defendants, jointly and severally, in the sum of $162.45, interest from date of judgment at the rate of ten percent (10%) per annum and costs of this action.

 JUDGE

I, Deputy Clerk in the Parma Municipal Court, Parma, Ohio hereby certify this to be a true copy of the
 Journal Entry
filed in this Court.
Martin E Wittard
By_____ Deputy, Clerk of Court
Date April 11, 1994

52

## EXHIBIT B

# OHIO
### DEPARTMENT OF PUBLIC SAFETY
# BUREAU OF MOTOR VEHICLES

| GEORGE V. VOINOVICH GOVERNOR | MIKE DeWINE LT. GOVERNOR | CHARLES D. SHIPLEY DIRECTOR | MITCHELL J BROWN REGISTRAR |
|---|---|---|---|

05/18/1994

NOTICE OF SUSPENSION

3 006200509/022054/JA004196/00028
4 WETZEL*JAMES,C
2 566 LYONSWOOD DR
0 HINCKLEY OH 44233

THIS IS YOUR OFFICIAL NOTICE.
OHIO REVISED CODE 4501.022 ALLOWS
THE REGISTRAR TO SEND NOTICES BY
REGULAR MAIL.

COURT: PARMA
COURT CASE NO. 93705
JUDGEMENT DATE: 05-21-1993
ACCIDENT DATE: 12-15-1991

BMV CASE NO : JA004196
SOCIAL SECURITY NO.:
JUDGEMENT: 05-18-1994 TO 05-18-200_
LIC. SUSP: 05-18-1994 TO 08-16-1994
BMV 3420

You have failed to make payments on the judgment from the court case above. Because you have made no effort to pay for the damages, you have lost your right to drive and to have vehicles registered in the State of Ohio. This suspension is based on Ohio Revised Code, Section 4509.37.

In addition, because you have not shown proof of financial responsibility under Section 4509.101, your right to drive cannot be returned for 90 days and you must pay a $30.00 reinstatement fee.

Immediately send all registrations and plates issued in your name and your driver license to the Ohio Bureau of Motor Vehicles (see address below). Your driver license, registration, and plates of the vehicle involved in the accident must be received by the Bureau within 10 days of the mailing date of this letter or you must pay an extra $50.00 fee.

These items will be held by the Bureau until you do ALL of the following:

1. Serve the 90 day driver license suspension.
2. Pay the necessary reinstatement fee. Send us a personal check, money order, or certified check payable to the Treasurer, State of Ohio. Please include the case number shown above with your fee.
3. Pay the judgment or obtain an agreement to pay. Send us proof that it has been paid in full or an agreement accepted. This proof must bear the notarized signature of the person who was awarded the judgment against you or their lawyer's signature; or it can be a journal entry from the court indicating release has been accepted. DO NOT SEND THE MONEY TO US.
4. Show proof of Financial Responsibility one of these ways:
 a. A Certificate of Insurance (SR-22) OR Surety Bond in the amount of $32,500 filed with the Ohio Bureau of Motor Vehicles. These can be obtained from a licensed insurance agency.
 b. Cash in the amount of $30,000, deposited with the Treasurer, State of Ohio.

You must continue to make payments on your Proof of Financial Responsibility (insurance or surety bond) for three years from the judgment suspension date. If you do not make payments, you will again lose your right to drive.

Under Ohio Revised Code, Section 119.12, you may appeal this suspension. Your appeal should be made in writing and sent to BOTH the Ohio Bureau of Motor Vehicles (see address below) AND the Court of Common Pleas in your home county. Contact the court to determine the amount of deposit they require to cover costs. Your appeal must be received within 15 days of the mailing date of this letter.

NOTE: If you do not live in Ohio, send your appeal to the Ohio Bureau of Motor Vehicles at the address below AND to the Franklin County Court of Common Pleas, 369 South High Street, Columbus, Ohio 43215.

It is very important that you follow the above instructions. Do not risk the chance of arrest and a fine of up to $500.00 or 30 days in jail, or both. You will be notified by the Bureau when you are in compliance.

MITCHELL J. BROWN, REGISTRAR

BMV-3420 10/92

OHIO BUREAU OF MOTOR VEHICLES
Attention: Re Fee
P.O. Box 16520
Columbus, Ohio 43266-0020
(614) 752-7700