OPINION
{¶ 1} This is an appeal from a decision of the Clermont County Court of Common Pleas which reversed an order of the Ohio Department of Commerce, Division of Financial Institutions denying appellee a loan officer license. Because the trial court applied an incorrect legal standard when reviewing the order, we reverse the decision of the trial court and remand for further proceedings.
 {¶ 2} Plaintiff-appellee, Bernard E. Beck, was employed with Midwest Financial and Mortgage Services as a loan officer at the time the events herein occurred. In March 2002, appellee submitted a sworn and attested loan officer application to defendant-appellant, the Ohio Department of Commerce, Division of Financial Institutions ("the Division"), to obtain a loan officer license in compliance with the Ohio Mortgage Broker Act. Question five on this application asked:
 {¶ 3} "Have you * * * ever been convicted of or pleaded guilty to any criminal offense including, but not limited to, theft, receiving stolen property, embezzlement, forgery, fraud, passing bad checks, money laundering, or drug trafficking, or any criminal offense involving money or securities?"
 {¶ 4} Appellee answered this question in the negative.
 {¶ 5} A subsequent background check revealed that appellee was convicted of public indecency in 1974 and negligent homicide in 1977. Upon learning of appellee's convictions, the Division issued a notice relaying its intent to deny appellee's license application and apprising appellee of his opportunity for a hearing in accordance with the Ohio Administrative Procedure Act. An administrative hearing was conducted in April 2004, after which the hearing examiner concluded that appellee failed to provide evidence sufficient to overcome the Division's findings regarding appellee's character and failure to disclose his convictions. The examiner recommended that appellee's application be denied, and the Division adopted his recommendation. Appellee appealed the Division's decision to the Clermont County Court of Common Pleas, which reversed the order after finding that it "was not supported by a preponderance of reliable, probative and substantial evidence."
 {¶ 6} In its sole assignment of error, the Division argues that the common pleas court applied the wrong standard of review in its decision reversing the Division's order.
 {¶ 7} Appellee's appeal was taken pursuant to R.C. 119.12, which governs, inter alia, appeals of administrative agency orders denying the issuance of a license to engage in certain professional activities. When reviewing an order of an administrative agency under R.C. 119.12, a common pleas court must affirm the agency's order if it is "supported by reliable, probative, and substantial evidence" and is "in accordance with law." R.C. 119.12. See, also, Pons v. Ohio State Med. Bd.,66 Ohio St.3d 619, 621, 1993-Ohio-122. The issue of whether the trial court applied the proper standard of review is a question of law which we review de novo. Univ. Hosp., Univ. of CincinnatiCollege of Medicine v. State Emp. Relations Bd. (1992),63 Ohio St.3d 339, 343; Moran v. Ohio Dept. of Commerce, Real EstateDiv. (1996), 109 Ohio App.3d 494, 497.
 {¶ 8} As stated, the common pleas court determined that the Division's order "was not supported by a preponderance of
reliable, probative and substantial evidence." (Emphasis added.) While appropriate for review of agency decisions of any political subdivision, see R.C. 2506.01 et seq., this standard is higher than that required by R.C. 119.12. That statute's designation of a standard of proof of less than a preponderance ensures that the common pleas court does not substitute its judgment for that of the administrative agency in these cases and affords due deference to the findings of the agency by merely requiringsome reliable, probative, and substantial evidence. Gardner v.Ohio Veterinary Med. Licensing Bd., Clinton App. No. CA2002-05-025, 2002-Ohio-6681, ¶ 28. Accordingly, it was error for the common pleas court to incorporate and employ a preponderance standard in its application of the statute, and the Division's sole assignment of error is sustained.
 {¶ 9} Because the common pleas court did not apply the proper standard of review as set forth in R.C. 119.12, its judgment is reversed and the cause remanded for further consideration in accordance with the proper standard of review.
 {¶ 10} Judgment reversed and cause remanded.
Powell, P.J., and Bressler, J., concur.