[Cite as *Omni Energy Group, L.L.C. v. Vendel*, 2024-Ohio-2439.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Omni Energy Group, LLC, | : | |
| Appellant-appellant, | : | |
| | : | No. 23AP-361 |
| v. | : | (C.P.C. No. 22CV-3895) |
| Eric Vendel, Chief, | : | (REGULAR CALENDAR) |
| Ohio Department of Natural Resources, Division of Oil and Gas Resources Management, | : | |
| | : | |
| Appellee-appellee. | : | |

D E C I S I O N

Rendered on June 25, 2024

**On brief:** *Gagin Legal Services, LLC*, and *Christopher J. Gagin*, for appellant. **Argued:** *Christopher J. Gagin*.

**On brief:** *Bricker Graydon LLP*, *Kara H. Herrnstein*, and *Aaron M. Bruggeman*, for appellee. **Argued:** *Kara H. Herrnstein*.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Appellant, Omni Energy Group, LLC ("Omni"), appeals from the judgment of the Franklin Court of Common Pleas affirming the May 20, 2022 Orders issued by appellee, Eric Vendel, Chief, Ohio Department of Natural Resources, Division of Oil and Gas Resources Management (the "Chief"). For the reasons that follow, we reverse the decision of the trial court and remand this matter for further proceedings.

## I. Facts and Procedural History

{¶ 2} Omni operates a Class II underground injection control ("UIC") well in Belmont County known as the GMR #1. (Orders 2022-124 & 2022-125.) The GMR #1 was

first permitted by the Chief on November 5, 2021. (Certified Record ("CR") Doc. 25, 2021 Permit) (the "2021 Permit"). At the time of initial permitting, the maximum allowable injection pressure ("MAIP") was set at 1120 psi. *Id.* at ¶ 10. The Chief set this MAIP by using a formula set forth in the Ohio Administrative Code ("OAC") and by relying on site-specific step-rate testing analysis provided by Omni in July 2021. (CR Doc. 16, GMR #1 Step-Rate Test Analysis.) Omni appealed the 2021 Permit to the Oil and Gas Commission (the "Commission"), seeking approval to use a higher MAIP which Omni argued was warranted based on the results of its step-rate test analysis.

{¶ 3} During the pendency of the appeal of the 2021 Permit to the Commission, Sean Murphy, a petroleum engineer licensed in Ohio and hired as an outside expert by the Chief, delivered a report to the Chief in which he concluded that operating the GMR #1 at 1120 psi was allowing fracturing at the injection formation. (*See generally*, CR Doc. 27, Murphy Report.) Murphy opined that, based on his review of the step-rate test data provided by Omni, the GMR #1 would propagate new fractures at a pressure of 1167 psi. *Id.* at 1. Murphy used the instantaneous shut-in pressure to calculate an estimated "fracture closure pressure," which is the pressure at which no new fractures will form, and existing fractures cannot open, resulting in a MAIP of 957 psi. *Id.* at 6.

{¶ 4} On May 20, 2022, the Chief issued the two 2022 Orders which are the subject of this appeal (the "2022 Orders"). Order 2022-124 revoked the 2021 Permit for GMR #1. (CR Doc. 32.) Order 2022-125 issued a new permit which allowed Omni to inject brine in the GMR #1 at a MAIP of 960 psi. (CR Doc. 33.) The 2022 Orders became final on June 19, 2022.

{¶ 5} Meanwhile, in early June 2022, Omni voluntarily dismissed its appeal of the 2021 Permit with its restrictions to the Commission.[1] (Compl. at ¶ 63.) On June 8, 2022 Omni filed a complaint in the Franklin County Court of Common Pleas, asserting five counts. On June 15, 2022, the Chief filed a motion to dismiss Omni's complaint pursuant

---

[1] The appeal to the Commission also concerned an order relating to another well operated by Omni known as the GMR #2. That order is not part of the instant appeal.

to Civ.R. 12(B)(1) and (6).  On June 23, 2022, Omni filed a motion for an expedited appeal schedule and evidentiary hearing pursuant to R.C. 119.12(K)[2] and 119.12(L).

{¶ 6}  Subsequently, on July 15, 2022, the trial court granted in part and denied in part the Chief's motion to dismiss and dismissed Counts II, III, and V for failure to state a claim upon which relief may be granted.  (July 15, 2022 Decision & Entry.)  The trial court also dismissed Count IV[3] to the extent that it related to the Chief's 2021 Order granting the 2021 Permit based on the statute of limitations.  In the same entry, the trial court denied Omni's motion for an evidentiary hearing.

{¶ 7}  On November 16, 2022, the trial court granted the Chief's motion for summary judgment and entered judgment in favor of the Chief on Count I of the complaint seeking declaratory judgment, leaving only Count IV as it related to the 2022 Orders intact.

{¶ 8}  On June 12, 2023, the trial court issued its decision and judgment entry affirming the May 20, 2022 Chief's Orders 2022-124 and 2022-125.  (June 12, 2023 Decision & Jgmt. Entry.)

{¶ 9}  On June 15, 2023, Omni timely filed a notice of appeal, which is now before the court.

## II. Assignments of Error

{¶ 10}  Omni asserts the following assignments of error for our review:

> (1) THE REVOCATION OF CHIEF'S ORDER 2021-179, AND THE ISSUANCE OF CHIEF'S ORDERS 2022-124 AND 2022-125, ARE UNLAWFUL, AS THEY VIOLATE THE SAFE DRINKING WATER ACT AND R.C. 1509.22(D)(5).
>
> (2) THE REVIEWING COURT ERRED BY APPLYING THE WRONG STANDARD OF REVIEW.
>
> (3) THE REVIEWING COURT ERRED AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY REFUSING

---

[2] Section 119.12 of the Revised Code was amended by S.B. 21 on September 29, 2023 and H.B. 33 on October 3, 2023 during the pendency of this appeal and after the parties had completed briefing.  These amendments rewrote R.C. 119.12(A) and (B); in the fifth sentence of (D), substituted "service" for "mailing" and "section 119.05 of the Revised Code" for "this section"; added the (I) designation; and redesignated former (I) through (N) as (J) through (O).  Thus, the former R.C. 119.12(K) is now R.C. 119.12(L), and the former R.C. 119.12(L) is now R.C. 119.12(M).

[3] Count IV is the within matter, which Omni presented as a R.C. 119.12 appeal of the Chief's 2021 Order and 2022 Orders.

TO CONDUCT A HEARING AND/OR INCLUDE EVIDENCE SUFFICIENT TO DETERMINE THE RIGHTS OF THE PARTIES.

## III. Discussion

### A. Standard of Review

{¶ 11} In an administrative appeal brought pursuant to R.C. 119.12, the common pleas court must consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and whether the order is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110-11 (1980). Reliable, probative, and substantial evidence has been defined as follows:

> (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.

*Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 12} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " *Edmands v. State Med. Bd. of Ohio*, 10th Dist. No. 16AP-726, 2017-Ohio-8215, ¶ 10, quoting *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). The trial court "must give due deference to the administrative resolution of evidentiary conflicts," although "the findings of the agency are by no means conclusive." *Conrad* at 111. The common pleas court conducts a de novo review of questions of law, exercising its independent judgment in determining whether the administrative order is " 'in accordance with law.' " *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993), citing R.C. 119.12.

{¶ 13} By contrast, an appellate court's review of an administrative decision is more limited than that of the common pleas court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). The appellate court is to determine only whether the common pleas court

abused its discretion. *Id.*; *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261 (1988).

{¶ 14} A trial court abuses its discretion when it exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, ¶ 35. The term abuse of discretion, " ' commonly employed to justify an interference by a higher court with *the exercise of discretionary power* by a lower court, *implies not merely error of judgment*, but perversity of will, passion, prejudice, partiality, or moral delinquency.' " (Emphasis sic.) *Id.* quoting *Black's Law Dictionary* 11 (2d Ed.1910). Absent an abuse of discretion, this court may not substitute its judgment for that of the administrative agency or the trial court. *Pons* at 621. However, "[a]n appellate court's scope of review on issues of law is plenary, including the issue of whether the common pleas court applied the proper standard of review." *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, ¶ 43, citing *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339, 343 (1992).

### B. Jurisdiction

{¶ 15} Before addressing the merits of Omni's assignments of error, we must first address this court's jurisdiction to consider this appeal. The Chief has asserted that this court (and the trial court) lack subject-matter jurisdiction over this matter because R.C. 1509.03(E) applies in this case, and therefore the Chief's Orders 2022-124 and 2022-125 are not adjudication orders for purposes of Chapter 119. We find this assertion meritless. Accordingly, we now proceed with consideration of the merits of Omni's assignments of error.

### C. Assignment of Error Number Two

{¶ 16} We begin with Omni's second assignment of error because we find it dispositive. In this assignment of error, Omni asserts the trial court erred by applying the wrong standard of review. We agree.

{¶ 17} As stated above, our scope of review on the issue of whether the common pleas court applied the proper standard of review in a given case is an issue of law, which is a plenary standard of review. *Bartchy* at ¶ 43, citing *Univ. of Cincinnati College of Medicine* at 343. We have previously specifically found that "[a] trial court's application of a standard

of review when reviewing an administrative order is a question of law, which we review de novo." *Johnson v. Ohio Fair Plan Underwriting Assn.*, 10th Dist. No. 07AP-367, 2007-Ohio-6505, ¶ 4, citing *Beck v. Ohio Dept. of Commerce,* 12th Dist. No. CA2005-04-030, 2006-Ohio-60, at ¶ 7; *Univ. of Cincinnati College of Med* at 343. Thus, the question before us is what the correct standard of review is in this particular case.

{¶ 18} In the present case, Omni filed its appeal from the Chief's orders directly to the common pleas court after voluntarily dismissing its appeal of the 2021 Permit initially filed with the Commission. This was entirely permissible under the statutory scheme set forth in section 1509.36 of the Revised Code. *See Wood v. Simmers*, 10th Dist. No. 17AP-269, 2017-Ohio-8718 (construing R.C. 1509.36 and finding that oil and gas well owners may seek relief from an allegedly unlawful order of the Chief of the Ohio Division of Oil and Gas Resources Management in the courts and need not exhaust administrative remedies by first appealing to the Commission before doing so.) Pursuant to R.C. 1503.03(D), an order of the Chief "***shall be considered an adjudication order for the purposes of Chapter 119.*** of the Revised Code." (Emphasis added.) R.C. 1503.03(D). This statute is clear and unambiguous that orders issued by the Chief are considered adjudication orders for purposes of Chapter 119. Thus, it is equally clear that in this case, the proper standard of review is the standard of review applicable to appeals brought pursuant to R.C. 119.12.

{¶ 19} Notwithstanding the clear statutory mandate as set forth in R.C. 1509.03(D), in this case the trial court used the standard of review applicable to an appeal from an order of the Oil and Gas Commission under R.C. 1509.37. In its order, the trial court ignored R.C. 1509.03(D) entirely, explaining why it would instead apply the standard set forth in R.C. 1509.37, stating as follows:

> [I]t is illogical to apply a more stringent standard simply because [Omni] lawfully bypassed a direct appeal to the Division. As such, the Court finds that the proper standard of review in this matter is whether the Chief's Orders was lawful and reasonable.

(June 12, 2023 Decision & Jgmt. Entry at 6.) This is an incorrect statement of the trial court's standard of review of an Order(s) from the Chief. Instead, as set forth above, pursuant to R.C. 1509.03(D), an Order of the Chief is considered an adjudication order under Chapter 119, and when reviewing an order of an administrative agency under R.C.

119.12, a trial court must affirm the order if it is supported by reliable, probative, and substantial evidence and is in accordance with law.  R.C. 119.12.

{¶ 20} In short, it is clear from the face of the trial court's order that it applied the wrong standard of review.  Because the trial court did not apply the proper legal standard set forth in R.C. 119.12, its order must be reversed and the matter remanded to the trial court for review under the proper standard.  *Johnson* at ¶ 7, citing *Castle v. Ohio Dept. of Commerce*, 5th Dist. No. 05 CA 17, 2006-Ohio-3702, ¶ 11; *Hall v. Ohio Bd. of Landscape Architect Examiners*, 91 Ohio App.3d 401, 403 (1993).

{¶ 21} Accordingly, Omni's second assignment of error is sustained.

### D.  Assignment of Error Number Three

{¶ 22} In its third assignment of error, Omni asserts the trial court erred and violated its due process rights by refusing to conduct a hearing and/or include evidence sufficient to determine the rights of the parties.  As explained below, we agree.

{¶ 23} In the context of administrative appeals brought pursuant to R.C. 119.12, the evidence to be considered by the trial court is described in (former) R.C. 119.12(K):

> Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency.  Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that the additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency.

{¶ 24} During the pendency of the instant appeal, the Supreme Court of Ohio had the opportunity to clarify the meaning of the foregoing language in its plurality[4] decision in *Highland Tavern, L.L.C. v. DeWine*, 173 Ohio St.3d 59, 2023-Ohio-2577, issued on August 1, 2023.  The decision first noted "the tendency of trial and appellate courts in administrative appeals to limit the presentation of additional evidence to 'newly discovered' evidence, if that[.]" *Highland Tavern* at ¶ 18, citing as examples *Hudson v. Brown*, 75 Ohio

---

[4] We are cognizant that a plurality opinion is not controlling precedent.  *Hedrick v. Motorists Mut. Ins. Co.*, 22 Ohio St.3d 42, 44 (1986), *overruled on other grounds by Martin v. Midwestern Group Ins. Co.*, 70 Ohio St.3d 478 (1994), *superseded by statute as stated in Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480 (2000).  Nevertheless, a plurality opinion can provide guidance, and "when a court or administrative agency finds a plurality opinion to be persuasive, it is not barred from relying on that opinion." *Nascar Holdings, Inc. v. Testa*, 152 Ohio St.3d 405, 2017-Ohio-9118, ¶ 18.  We find *Highland Tavern* instructive in the within matter.

Misc.2d 4, 1995 Ohio Misc. LEXIS 76, * 6-7 (Feb. 9, 1995) (denying request to introduce additional evidence even though the appellant had not had an opportunity to present evidence before administrative agency); *Herubin v. Ohio Dept. of Job & Family Servs.*, 7th Dist. No. 21 MA 0109, 2022-Ohio-3243, ¶ 44-45 (upholding trial court's decision to strike additional evidence because it was not "newly discovered"); *Starr v. Ohio Dept. of Commerce Div. of Real Estate & Professional Licensing*, 10th Dist. No. 20AP-47, 2021-Ohio-2243, ¶ 31-32 (same). *Highland Tavern*, fn. 3.

{¶ 25} The *Highland Tavern* decision went on to observe that "[t]he phrase '[u]nless otherwise provided by law' in [former] R.C. 119.12(K) has largely been omitted from consideration by trial and appellate courts of this state, *see, e.g.*, *Herubin* at ¶ 44-45, and those courts have applied the statute to limit additional evidence in administrative appeals to *only* newly discovered evidence, with the admission of that evidence subject to the discretion of the trial court." (Emphasis sic.) *Highland Tavern* at ¶ 19. The court continued:

> But the phrase "[u]nless otherwise provided by law" is broader than was characterized by the Fifth District Court of Appeals in *Herubin* and should not be ignored. In the context of the statutory language, the phrase may be taken to mean either when the law permits new evidence *other than* newly discovered evidence or when the law does *not* permit *even* newly discovered evidence.

(Emphasis sic.) *Highland Tavern* at ¶ 20. In other words, when properly construed, nothing in the language of (former) R.C. 119.12(K) prohibits a trial court from permitting the admission of evidence in addition to that contained within the certified record, so long as the law permits such evidence, whether "newly discovered" or not.

{¶ 26} With the benefit of the Supreme Court's clarification of (former) R.C. 119.12(K) in mind, we proceed with its application to the instant matter and, in particular, Omni's third assignment of error. We begin by observing that due process rights are guaranteed in administrative proceedings via the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution. *Richmond v. Ohio Bd. of Nursing*, 10th Dist. No. 12AP-328, 2013-Ohio-110, ¶ 10, citing *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Doyle v. Ohio Bur. of Motor Vehicles*, 51 Ohio St.3d 46 (1990). "Pursuant to due process, governmental agencies must provide constitutionally adequate

procedures before depriving individuals of their protected liberty or property interests." *Natoli v. Ohio State Dental Bd.*, 10th Dist. No. 08AP-81, 2008-Ohio-4068, ¶ 18, citing *Mathews* at 332. The notion of fundamental fairness is at the core of due process. *Natoli* at ¶ 18, citing *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 24 (1981).

{¶ 27} "A 'fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." ' " *Natoli* at ¶ 18, quoting *Mathews* at 333, quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). It is well-settled that the due process requirement of a full and fair hearing requires decision makers to consider and appraise, in some meaningful manner, all the evidence to justify the decision. *State ex rel. Sigler v. Lubrizol Corp.*, 136 Ohio St.3d 298, 2013-Ohio-3686, ¶ 15, citing *State ex rel. Ormet Corp. v. Indus. Comm.*, 54 Ohio St.3d 102, 107 (1990); *Hetrick v. Ohio Dept. of Agriculture*, 10th Dist. No. 15AP-944, 2017-Ohio-303, ¶ 41. The question of whether due process requirements have been satisfied presents a legal question we review de novo. *Flynn v. State Med. Bd.*, 10th Dist. No. 16AP-29, 2016-Ohio-5903, ¶ 46, quoting *Judd v. Meszaros*, 10th Dist. No. 10AP-1189, 2011-Ohio-4983, ¶ 19.

{¶ 28} Here, it is beyond dispute, and the record before us confirms, no hearing was held in the administrative proceedings below. Instead, as noted previously, after dismissing its initial appeal to the Commission, Omni filed its appeal from the Chief's Orders directly to the common pleas court pursuant to R.C. 1509.36 and 119.12 of the Revised Code. Omni, then, has been given no opportunity to present any evidence in opposition to the Chief's Orders beyond that which is contained in the certified record—a record that is indisputably truncated and which, at the very least, does not even include the depositions of the key witnesses taken while the appeal to the Commission was still pending.

{¶ 29} In this case, we find that admitting additional evidence at an evidentiary hearing in the trial court pursuant to (former) R.C. 119.12(K) is not only permissible but is mandated by due process and its basic requirement of a full and fair hearing, including consideration of all the evidence sufficient to justify the resulting decision. Therefore, as a matter of law, the trial court erred in denying Omni's request to admit additional evidence and for an evidentiary hearing on the merits of the Chief's Orders because the trial court's denial of Omni's request for an evidentiary hearing and admission of additional evidence

under (former) R.C. 119.12(K) resulted in Omni being deprived of the minimal requirements of due process.

{¶ 30} Accordingly, Omni's third assignment of error is sustained.

### E. Assignment of Error Number One

{¶ 31} We have already found that the trial court erred in applying the incorrect standard of review to this case, and further erred in refusing to conduct an evidentiary hearing and to admit additional evidence prior to issuing its decision as required by due process. Because the trial court's denial of Omni's request for an evidentiary hearing and admission of additional evidence resulted in the trial court not reviewing all the evidence as required by due process, and because the error of the trial court applying the improper standard of review permeated the trial court's reasoning throughout its decision, our findings in this regard renders Omni's first assignment of error moot at this juncture. App.R. 12(A)(1)(c).

## IV. Disposition

{¶ 32} For the foregoing reasons, having sustained Omni's second and third assignments of error and having found its first assignment of error moot, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter for further proceedings consistent with this decision.

*Judgment reversed;*
*cause remanded with instructions.*

JAMISON and EDELSTEIN, JJ. concur.

_____