[Cite as *Mansour v. State Med. Bd.*, 2018-Ohio-2605.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Waleed N. Mansour, M.D., | : | |
| Appellant-Appellant, | : | |
| v. | : | No. 17AP-615 |
| | | (C.P.C. No. 16CV-793) |
| State Medical Board of Ohio, | : | |
| | | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on June 29, 2018

**On brief:** *Dinsmore & Shohl, LLP, Eric J. Plinke* and *Daniel S. Zinsmaster*, for appellant. **Argued:** *Eric J. Plinke.*

**On brief:** *Michael DeWine*, Attorney General, *Katherine Bockbrader* and *Kyle C. Wilcox*, for appellee. **Argued:** *Katherine Bockbrader.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1}  Appellant, Waleed N. Mansour, M.D., appeals the July 27, 2017 judgment of the Franklin County Court of Common Pleas affirming the order of appellee, State Medical Board of Ohio ("Board") permanently revoking Dr. Mansour's certificate to practice medicine and surgery in Ohio.  For the reasons that follow, we affirm the judgment of the court of common pleas.

I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2}  This appeal stems from an R.C. 119.12 administrative appeal by Dr. Mansour from an order of the Board issued January 13, 2016, permanently revoking Dr. Mansour's certificate to practice medicine and surgery in Ohio.  The Board's revocation was based on

three areas where it found misconduct. The Board found that in 2012, Dr. Mansour knowingly failed to disclose to the Board his conviction for domestic violence. In 2014, the Board found that Dr. Mansour knowingly misled the Board concerning an action by the Arizona Medical Board against him. In 2015, Dr. Mansour pled guilty to two counts of possession of drugs.

{¶ 3} Dr. Mansour has been licensed to practice medicine in Ohio since 2000. He stated that he primarily practices in the area of internal medicine.

## II. 2012 RENEWAL APPLICATION

{¶ 4} In 2010, Dr. Mansour was found guilty of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. On his 2012 renewal application to renew his certificate to practice medicine and surgery in Ohio, Dr. Mansour falsely answered "no" to the question: "Have you been found guilty of, or pled guilty or no contest to, or received treatment or intervention in lieu of conviction of, a misdemeanor or a felony?" (Dec. 2, 2015 Report and Recommendation at 3.)

{¶ 5} At his hearing before a Board hearing examiner, Dr. Mansour explained that he did not disclose his conviction on his renewal form because he believed that his legal counsel had divulged this conviction to a medical board enforcement attorney. Dr. Mansour was given the opportunity to call the retired enforcement board attorney, but declined to do so.

{¶ 6} The hearing examiner found Dr. Mansour not to be credible when he testified that he did not intend to mislead the Board. The hearing examiner found that Dr. Mansour produced no evidence either that his attorney disclosed the conviction to the Board or that he advised Dr. Mansour not to disclose his conviction to the Board.

## III. 2014 RENEWAL APPLICATION

{¶ 7} On July 2, 2014, the Arizona Medical Board sent a letter to Dr. Mansour alleging Arizona statutory violations in case No. D-13-1430A. The letter stated that the investigation in the above-referenced case was now complete, and the case had been reviewed and referred to the full board for further action.

{¶ 8} On his 2014 renewal application, Dr. Mansour answered "yes" to the question: "At any time since signing your last application for renewal of your certificate has any board, bureau, department, agency, or any other body, including those in Ohio other

than this board, filed any charges, allegations or complaints against you?" (Dec. 2, 2015 Report and Recommendation at 5.)

{¶ 9} Dr. Mansour followed up on December 1, 2104 in response to the Board's October 17, 2014 letter requesting more information regarding his affirmative answer in the 2014 renewal application. Dr. Mansour submitted the following explanation for his affirmative answer:

> Finally, I correctly answered "yes" to Question 4, which asks * * *. As a result of the Ohio Board's December 13, Order of reprimand and probation, I have had discussions regarding the action with the Arizona Medical Board, with whom I maintained an active license with until April 2014. While I have not had "charges, allegations or complaints" filed by the Arizona Medical Board to my knowledge --- they have merely requested information about the prior Ohio action and inquired about the status of the ongoing appeal --- I answer this question "yes" in an abundance of caution.

State's Ex. 1(d); (Dec. 2, 2015 Report and Recommendation at 5.)

{¶ 10} Initially, Dr. Mansour could not recall whether he based his December 1, 2014 explanation only on the July 2, 2014 letter from the Arizona Medical Board. He later claimed that he based his explanation on an interview with an Arizona Medical Board investigator. He then claimed that he did not receive the July 2, 2014 letter from the Arizona Medical Board until after he had sent the Ohio Board his December 1, 2014 response. The hearing examiner found that Dr. Mansour was not credible when he testified that he did not intend to mislead the Board regarding the Arizona Medical Board action. The hearing examiner rejected Dr. Mansour's explanation that the July 2, 2014 letter was lost in the mail, and found it reasonable to presume that Dr. Mansour did receive the July letter before December 1, 2014 because it was sent to the correct address.

## IV. 2015 CONVICTION

{¶ 11} In February 2015, Dr. Mansour pleaded guilty, in the Mahoning County Court of Common Pleas, to two counts of possessing drugs in violation of R.C. 2925.11(A) and (C)(2)(a), first-degree misdemeanors. He was sentenced to a suspended sentence of six months, a fine of $1,000, and ordered to pay court costs.

## V. PROCEEDINGS BEFORE THE BOARD

{¶ 12} After a hearing in which Dr. Mansour appeared and testified, the hearing examiner found the violations proven and recommended a permanent revocation of Dr. Mansour's license. The hearing examiner found Dr. Mansour's testimony regarding his receipt of the Arizona letter not credible. The hearing examiner found Dr. Mansour's testimony that he did not intend to mislead the Board with respect to his failure to disclose his 2010 domestic violence conviction not credible as well.

{¶ 13} The Board accepted the recommendation and issued an order on January 13, 2016 permanently revoking Dr. Mansour's license.

{¶ 14} Pursuant to R.C. 119.12, Dr. Mansour appealed the Board's order to the Franklin County Court of Common Pleas and, on July 27, 2017, the common pleas court affirmed the Board's order.

## VI. ASSIGNMENTS OF ERROR

{¶ 15} On appeal, Dr. Mansour has set forth the following five assignments of error for our review:

> [I.] The trial court erred in affirming the Board's Order, as the Board cannot prove intent to deceive relative to Dr. Mansour's July 16, 2014 Renewal Application and subsequent December 1, 2014 explanation letter.
>
> [II.] The trial court erred in affirming the Board's Order as the Board did not rely on substantial, reliable, and probative evidence in determining Dr. Mansour's intent to deceive relative to the 2012 renewal.
>
> [III.] The trial court erred in affirming the admission of State's Exhibit 2(d), which was improperly admitted by the Board over a *Perchan* objection; therefore, the Board's Order is contrary to law.
>
> [IV.] The trial court erred in affirming the Board's Order, as the Board's Order contains a recitation of facts that is unsupported by reliable, probative, and substantive evidence, and is therefore contrary to law.
>
> [V.] The trial court erred in affirming the Board's Order, as the Hearing Examiner was inconsistent in evidentiary rulings in violation of Dr. Mansour's due process rights.

## VII. STANDARD OF REVIEW

{¶ 16} In an administrative appeal, pursuant to R.C. 119.12, the court of common pleas reviews an order to determine whether it is supported by reliable, probative, and substantial evidence, and is in accordance with law. *Mansour v. State Med. Bd. of Ohio*, 10th Dist. No. 14AP-829, 2015-Ohio-1716, ¶ 22. The common pleas court's review is a hybrid form of review in which a court apprises all the evidence, giving due deference to the administrative determination of conflicting evidence and credibility conflicts, but reviewing legal questions de novo. *Id.* Our review is limited to whether the court of common pleas abused its discretion, but on the issue of whether the Board's order was in accordance with law, our review is plenary. *Id.*, *citing McRae v. State Med. Bd. of Ohio*, 10th Dist. No. 13AP-52, 2014-Ohio-667, ¶ 16-17.

## VIII. ANALYSIS

{¶ 17} In his first assignment of error, Dr. Mansour asserts that the Board failed to prove that Dr. Mansour received the July 2, 2014 letter from the Arizona Medical Board and that the Board failed to prove that Dr. Mansour intended to mislead the Board with his December 1, 2014 letter.

{¶ 18} The Board can revoke a physician's certificate to practice if the physician is found to violate R.C. 4731.22(B)(5), "[m]aking a false, fraudulent, deceptive, or misleading statement * * * in securing or attempting to secure any certificate to practice issued by the board." A false, fraudulent, deceptive, or misleading statement "means a statement that includes a misrepresentation of fact, is likely to mislead or deceive because of a failure to disclose material facts, is intended or is likely to create false or unjustified expectations of favorable results, or includes representations or implications that in reasonable probability will cause an ordinarily prudent person to misunderstand or be deceived." *Id.*

{¶ 19} In *Rajan v. State Med. Bd. of Ohio*, 118 Ohio App.3d 187, 195 (10th Dist.1997), this court determined that intent to mislead is a necessary element to establish a violation of R.C. 4731.22(B)(5). *See also Gipe v. State Med. Bd.*, 10th Dist. No. 02AP-1315, 2003-Ohio-4061; *Bhama v. State Med. Bd.*, 10th Dist. No. 08AP-488, 2009-Ohio-819. Direct evidence of intent is not necessary because intent may be inferred from the surrounding circumstances. *Hayes v. State Med. Bd. of Ohio*, 138 Ohio App.3d 762 (10th Dist.2000).

{¶ 20} Here, Dr. Mansour's testimony constantly shifted as to whether he was in possession of the July 2014 letter from the Arizona Medical Board at the time he filed his follow-up response to the Ohio Board in December 2014. He acknowledged that he did receive the July letter. He initially stated that he did not know if his understanding of the Arizona action was based on anything other than the July letter. He remembered the letter being sent to him. He testified that he did not receive any other documents from Arizona Medical Board except a letter of reprimand. He testified that his answer in the December 1, 2014 letter was based on interviews he had with the investigator and not based on the July letter per se. He indicated that the letter may have been dated July 2, 2014, but it was not received on July 2, it was some time after that, way past July when he received it, but he did not know if he received it prior to December 1, 2014. He stated it was a big delay.

{¶ 21} The Board rejected this testimony and found Dr. Mansour's shifting explanations not credible. There was evidence in the record that the letter was sent to the correct address. There is a rebuttable presumption, sometimes called the mailbox rule, that once a notice is mailed, it is presumed to be received in due course. *Weiss v. Ferro Corp.*, 44 Ohio St.3d 178, 180 (1989); see also *Gaston v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 18, 22, 2012-Ohio-3872, ¶ 17 (when both the date of mailing and the fact of receipt have been established, courts take judicial notice of the ordinary course of the mail and infer that in the ordinary course of the mail, the mailed document arrived on time). Here, the date of the notice is July 2, 2014, Dr. Mansour acknowledged he received the letter, and the letter was mailed to the correct address. The court of common pleas deferred to the hearing examiner's credibility determination and did not abuse its discretion in concluding that sufficient evidence existed that Dr. Mansour received the letter from the Arizona Medical Board before he wrote his December 2104 letter to the Board. Intent to deceive was adequately proven when one compares the letter from the Arizona Medical Board stating that Arizona had filed charges against him with Dr. Mansour's claim that Arizona was merely requesting additional information.

{¶ 22} Accordingly, we overrule the first assignment of error.

{¶ 23} In his second assignment of error, Dr. Mansour asserts that there is no reliable, probative, and substantial evidence that Dr. Mansour intended to deceive the

Board when he failed to report his domestic violence conviction on his 2012 renewal application.

{¶ 24} It is undisputed that Dr. Mansour made a false statement in his renewal application when he did not disclose that he had been convicted of domestic violence. Dr. Mansour claimed that his attorney at the time, Mr. Rohrbaugh, told him that he did not have to disclose the conviction because the attorney had previously disclosed the conviction to a Board enforcement attorney. The hearing examiner found the explanation that his failure to answer truthfully was somehow the fault of his prior counsel not credible. At the end of the first day of the hearing, Dr. Mansour's attorney informed the hearing examiner that he wished to call Mr. Rohrbaugh as a witness. The state's attorney informed the hearing examiner that if Mr. Rohrbaugh testified, the state intended to call the Board enforcement attorney to testify. Dr. Mansour's attorney then made the decision not to call Mr. Rohrbaugh as a witness.

{¶ 25} Intent to mislead may be inferred from surrounding facts and circumstances, such as when a physician knows information and fails to disclose it in response to a direct question. *Applegate v. State Med. Bd. of Ohio*, 10th Dist. No. 07AP-78, 2007-Ohio-6384, ¶ 12. Here, Dr. Mansour knew that he had been convicted of domestic violence and failed to disclose that in response to a direct question. His explanation for the omission was deemed not credible. He was already under investigation at that time by the Board and knew that his life and livelihood was tied up in defending the charges against him. The intent to deceive was adequately proven by those circumstances.

{¶ 26} Accordingly, we overrule the second assignment of error.

{¶ 27} In his third assignment of error, Dr. Mansour argues that the Board erred in admitting State's Ex.. No. 2(d), the transcript from his plea and sentencing hearing for drug possession charges. Dr. Mansour argues that because it was unauthenticated and uncertified, the transcript should not have been admitted. Additionally, Dr. Mansour contends that the transcript should not have been admitted because it references additional charges that were dismissed by the trial court that took his plea.

{¶ 28} The hearing examiner has broad discretion in admitting or rejecting evidence. *Stancourt v. Worthington City School Dist. Bd. of Edn.*, 164 Ohio App.3d 184, 2005-Ohio-5702, ¶ 70 (10th Dist.) Although the hearing examiner was not bound by the

rules of evidence, even under Evid.R. 901(A), authentication is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims."

{¶ 29} Here, the document was obviously a transcript, it had the appropriate heading, caption, court, judge, and case number of the journal entries of Dr. Mansour's conviction. Dr. Mansour confirmed the attorney and prosecutor identified in the transcript were those assigned to his case. For Evid.R. 901 authentication purposes, the common manner of identifying a document is through testimony of a witness with knowledge. *State v. Silverman*, 10th Dist. No. 05AP-837, 2006-Ohio-3826, ¶ 78. Before he was interrupted, Dr. Mansour indicated that he believed the transcript was an accurate representation, and seemed to reflect what the prosecutor's office had communicated. The hearing examiner was within his discretion to admit the exhibit.

{¶ 30} Dr. Mansour also asserts that it was error for the hearing examiner to admit the transcript because it references multiple felony counts that were dismissed in exchange for the guilty plea to two misdemeanor counts of drug possession. In *Perchan v. State Med. Bd.*, 10th Dist. No. 91AP-270 (June 13, 1991), this court found that it was error to admit a multicount indictment when the appellant had been convicted of only one count. But in *Perchan*, this court also stated that it did not appear that the appellant was prejudiced by the admission of that evidence.

{¶ 31} Here, the transcript was replete with the prosecutor's explanation of why the other charges were being dropped, Dr. Mansour's cooperation with the investigation, and other mitigating factors. In addition, Dr. Mansour and his attorney repeatedly mentioned the fact that Dr. Mansour had been indicted on multiple felony counts. Dr. Mansour cannot show prejudice from the admission of the transcript.

{¶ 32} Accordingly, we overrule the third assignment of error.

{¶ 33} In his fourth assignment of error, Dr. Mansour argues that the Board's factual findings concerning his conviction for possession of drugs is not supported by reliable, probative, and substantial evidence.

{¶ 34} The hearing examiner found that "from January 1, 2007 to September 30, 2008, Dr. Mansour issued prescriptions in order to illegally obtain, possess, and/or use a controlled substance." (Report and Recommendation at 12.) These essential facts were based on the sentencing transcript in which Dr. Mansour pled guilty, the prosecutor

explained the criminal investigation, and Dr. Mansour's defense counsel concurred with all the statements made by the prosecutor. The prosecutor explained that Dr. Mansour wrote prescriptions for controlled substances to friends and family members with the intent that those individuals would fill the prescriptions and give the drugs to Dr. Mansour for his personal use.

{¶ 35} Before the hearing examiner, Dr. Mansour stated that he pled guilty to move on with his life, but avoided directly answering whether he pled guilty to something he did not do. The Board was not required to accept this later, more self-serving explanation for his guilty plea. The factual basis of the guilty plea was adequately established by the transcript of the proceedings in the Mahoning County Court of Common Pleas.

{¶ 36} Accordingly, the fourth assignment of error is overruled.

{¶ 37} In his fifth assignment of error, Dr. Mansour contends that his due process rights were violated when the hearing examiner admitted the sentencing transcript and excluded an affidavit by Mr. Rohrbaugh. As discussed in connection with assignment of error number three, the transcript was properly admitted.

{¶ 38} As for Mr. Rohrbaugh's affidavit, Dr. Mansour had the opportunity to call Mr. Rohrbaugh as a witness, where he would be subject to cross-examination, and he declined to do so. Dr. Mansour cannot complain that he was deprived of his due process rights when Mr. Rohrbaugh was available to testify, he had the opportunity to call him, and he declined to do so.

{¶ 39} Accordingly, the fifth assignment of error is overruled.

## IX. CONCLUSION

{¶ 40} Having overruled all five assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

————————————